BARTON RICKETSON *v.* MANUEL TORRES, EXECUTOR OF WM. A. RICHARDSON, DECEASED, SAMUEL R. THROCK-MORTON, CHARLES SPENCER COMPTON, DONALD DAVIDSON, BENJAMIN DAVIDSON, WILLIAM HOOD, J. MORA MOSS, CHARLES MEYER, WILLIAM BEN-NETT, ALEXANDER MATTHISON, DAVID JARDINE, JOSEPH JARDINE, ALEXANDER G. DALLAS, ALEX-ANDER C. MACLANE, WALKER COMSTOCK.

WHEN a notice of appeal to the Supreme Court is signed by an attorney of the Court, the presumption is that he had authority to take such action.

The fact that an appellant has resided out of the State several years, is no ground for denying him the right to appeal from a judgment rendered against him.

It is no proper ground for a motion to dismiss an appeal, that it is sham and frivolous.   An appeal is a matter of right, and cannot be defeated because the appeal may be groundless.

When a party is made a defendant in an action, and a decree taken against him,

Ricketson *v.* Compton.

from which he appeals, the appeal will not be dismissed because he has no interest in the subject matter of the suit, and ought not to have been made a party.

When an appeal is taken from a judgment, and the judgment is reversed by the Supreme Court, with directions to the Court below to enter a judgment in accordance with the opinion, and the Court below renders judgment accordingly, from which a second appeal is taken, the second appeal will not be dismissed, on motion, for said reasons, but they may be good grounds for affirming the judgment.

No appeal lies from an order entering a default; and where a default for not answering is entered several years before final judgment, the defendant may still appeal from the final judgment at any time within one year from its rendition, and have the question, whether the default was properly entered or not, adjudicated upon the appeal from the judgment.

APPEAL from the District Court of the Seventh Judicial District, Marin County.

The principal facts of this case will be found reported in the case of *Ricketson* v. *Richardson* (19 Cal. 330).

After the reversal of the judgment the case was retried in the Court below, and on the fifth day of March, 1862, a decree was rendered in favor of plaintiff. This decree commences as follows: " This cause having been duly brought on upon the motion of Gregory Yale, attorney for the plaintiff for a decree in pursuance of the opinion and decision of the Supreme Court of the State at the October Term thereof, 1861, as certified in the mandate or *remittitur* from the said Court heretofore filed in this cause, reversing the decree of this Court in this cause at the July Term, 1861, and directing a decree to be entered up in pursuance of the principles of said opinion and decision, and due notice of said motion having been given and default having been heretofore entered against all the defendants who have not answered, and due proof of filing of notice of the pendency and object of this action in the office of the Recorder of the County of Marin, and of the recording of the same in said Recorder's office; and it appearing to the Court, from the affidavit of S. W. Daggett, that there is due to the plaintiff, on the third day of March, 1862, for principal and interest upon the debt and mortgage mentioned and set forth in the complaint, the sum of forty-three thousand eight hundred and forty-five dollars and seventy-one cents ($43,845.71), which sum is to

draw and bear interest at the rate of three and one-half per cent. per month from the date hereof until paid." The decree then directed a sale of the mortgaged property and the application of the proceeds, etc., in the usual form.

There was no personal judgment against any of the defendants except Manuel Torres, executor of Richardson. As to the other defendants, the decree barred and foreclosed them from all equity of redemption, and claim of, in, and to the mortgaged premises, and every part thereof, from and after the delivery of the Sheriff's deed. From this decree the defendant Charles S. Compton alone appealed. Compton had not been served personally with summons, but service was had on him by publication of summons. The notice of appeal was served on the thirteenth day of February, 1863.

The following is a copy of the notice of appeal:

"*In the District Court of the Seventh Judicial District of the State of California, in and for the County of Marin.*

"BARTON RICKETSON *v.* W. A. RICHARDSON *et als.*—You will please take notice that Charles S. Compton, one of the defendants in the above entitled action, hereby appeals to the Supreme Court of this State from the decree therein made and entered in the said District Court, on the fifth day of March, A.D. 1862, in favor of said Barton Ricketson against said defendant, and from the whole thereof.

"Dated San Francisco, this twelfth day of February, A.D. 1863.
                    "HALL MCALLISTER,
                              "Attorney for Appellant."

The only averments in the complaint concerning the appellant Compton were: "That he had, or claimed to have, some interest in or claim upon the mortgaged premises, which interest or claim was adverse to the plaintiff's, or subsequent and subject thereto."

The respondent, Ricketson, moved to dismiss the appeal upon the following notice:

Ricketson *v.* Compton.

*Supreme Court, State of California.*

Barton Ricketson, plaintiff, *v.* William A. Richardson, Manuel Torres, his executor, Samuel Throckmorton, Charles Spencer Compton, Donald Davidson, Benjamin Davidson, William Hood, Robert Walkinshaw, *et al.*

Take notice, that a motion will be made in this Court to dismiss the appeal taken by Charles S. Compton, one of the defendants, on the twelfth day of February last from the decree of the Seventh Judicial District Court, County of Marin, entered on the fifth day of March, 1862, in favor of the plaintiff.

And that the grounds of the said motion will be:

1. That the defendant Compton did not take the appeal.

2. That you have no authority to use his name in taking the appeal.

3. That he has been absent from the State some seven or eight years and has left no one with authority to take such an appeal.

4. That the said appeal is sham and frivolous, and intended to delay the execution of the decree appealed from, and to embarrass the title of the purchaser at the sale under said decree.

5. That the said Compton has no interest in said decree, or to the premises foreclosed by it, immediate or proximate.

6. That the said Compton was an unnecessary party to said foreclosure suit, having no interest in the premises at the commencement of the action on the eighteenth day of February, 1856.

7. That the said Compton, prior to said action, had assigned all the interest which he held as mortgagee of the said Richardson to said defendants Benjamin Davidson, Hood, and Walkinshaw, who were active partners to the said action, and litigated the same.

8. That the said Compton, prior to said action, had conveyed all his right, title, and interest to said premises to the said Hood, one of the defendants, an actual party and litigant.

9. That the said Compton and the said Donald Davidson, as copartners and tenants in common, had assigned the mortgages which they held on said rancho prior to the said action, and conveyed all their right, title, and interest to the premises absolutely and unconditionally.

10. That all the claim and interest in and to said mortgaged premises ever held or claimed by the said Compton, or by the said Compton and Davidson, have been in and by said foreclosure action and the decree therein, and by the decree in this Court, fully and finally adjudicated, as represented by their said assigns.

11. That an appeal was prosecuted to this Court by the defendants in said cause from the decree of the March Term, 1861, and that decree reversed, and that of March, 1862, entered as the decree of this Court under the mandate from this Court.

12. That no appeal could be taken from the decree of March, 1862.

13. That an appeal was actually taken by the defendants from said decree of March 5th, 1862, and the decree affirmed in all respects by this Court.

14. That the said Compton, as an individual defendant, cannot now take another appeal from said decree of the fifth of March, 1862, and especially as all the interest which he ever had, or claimed in said mortgaged premises, was fully litigated and adjudicated by his assigns.

15. That on the twenty-fourth day of November, 1857, at a regular term of the District Court of the County of Marin, a default was taken against the said Compton for want of an answer, after due proof of service by publication, and that the said decree of default still remains of record and of force in said Court, and never has been appealed from, and which said default was final as to the said Compton, at that date, and has been ever since.

16. And upon other and divers good and sufficient grounds.

*Gregory Yale*, for Respondent Ricketson.

On the hearing of the motion to dismiss the appeal, respondent introduced the entire transcript on the first appeal, and also the decree from which the second appeal was taken.

Respondent also offered the following affidavit:

*Seventh Judicial District, County of Marin: Barton Ricketson*, v. *Wm. A. Richardson et al. :*—City and County of San Francisco, State of California, ss.—Ed. F. Stone, being duly sworn, deposes

Ricketson v. Compton.

and says: that he is the agent for the plaintiff in this case, and is a member of the firm of Morgan, Stone & Co., trading in San Francisco; that the plaintiff resides in the City of New Bedford, Massachusetts, and is now absent from this State; that he was acquainted with the firm of Compton & Davidson, composed of Charles Spencer Compton and Donald Davidson, when in business in 1853–54 in San Francisco; that said firm became insolvent, and was dissolved in 1854 or 1855; that the said Compton left the State in 1855, and has not since returned; that the said Davidson left the State in 1855 or 1856, and returned in 1858, and is now in San Francisco; that the said Compton & Davidson were the agents of the said William A. Richardson, and succeeded William P. Avis in that capacity, and were acting under a power of attorney revoked in 1855; that they held mortgages from Richardson and from Richardson and wife, on the Saucelito and Albion ranchos and on other property, and had judgments against Richardson subsequently, included in said mortgages; that money was borrowed by them from Benj. Davidson and his partner in business, Julius May, of San Francisco, on their individual note, and on short time without security, and they also borrowed money from Robert Walkinshaw, now deceased, and represented in this case by his son-in-law and executor, John Young; that they also borrowed money from William Hood, a defendant in this case; that long after the maturity of the note to Davidson & May, and when they became insolvent, the said Compton & Davidson assigned certain portions of said mortgages to the said B. Davidson in consideration of said debt, and obtained an actual and absolute release of said debt; and that they also made assignments to the said Walkinshaw and Hood, and an absolute deed of all their interest in said property to said Hood, and obtained releases also from them in consideration of said loans. To all which the said D. Davidson has substantially testified in this case, and this affiant refers to the deposition of the said Davidson and the exhibits thereto, and the deposition of the said Benjamin Davidson—all contained in the statement on appeal in this case—for greater particularity, and as fully verifying this statement.

And this affiant further says: that he is informed and believes

that at the time the said Compton left this State, he left a general power of attorney with one A. J. Macpherson, now in San Francisco, having reference to the late commercial transactions of the said Compton as an individual member of said firm, and having no reference to the agency of the said Richardson which had then been revoked, or to any interest in the mortgaged premises; that at the time he left, he claimed none, and does not now claim any; that the said Davidson does not claim any interest and did not answer though personally served; and that the said power of attorney has long since been considered and treated by the said Macpherson and the said Compton as abrogated and annulled. But this affiant is informed and believes that the said Macpherson now moves this appeal in the name of said Compton, under the pretense of authority under said power and in behalf of the defendant Throckmorton and other parties, conspiring to defeat this plaintiff and to prevent him from the collection of his judgment. This affiant further says: that the said Macpherson was a witness for the said Throckmorton in this case, at the November Term, 1859, and gave his deposition early in December, and which deposition is hereby referred to as contained in the transcript on appeal; that at that term a default was regularly taken against the said Compton, and is still of record; that the said Macpherson did not pretend to act for the said Compton at that time, nor has he interposed any defense, or attempted to open said default; that the assignees of the said Compton & Davidson have been actual parties to this suit in all its stages since 1856 to 1863, and have litigated with the plaintiff on all questions in the case. And this affiant is informed and believes, and so insists, that this appeal is a sham or false appeal, intended and calculated to vex, hinder, and harrass the plaintiff, in the collection of his mortgage debt; and that the said Macpherson is the tool or instrument used by the said Throckmorton, Parrott, May, Hood, and others, for that purpose.

ED. F. STONE.

Subscribed and sworn to before me this thirtieth day of March, 1863.        [L.S.]        F. J. THIBAULT, Notary Public.

The Appellant introduced in reply the following affidavit:

Ricketson v. Compton.

*In the Supreme Court, State of California.*

STATE OF CALIFORNIA, ⎱ ss.
City and County of San Francisco. ⎰

*Barton Ricketson,* Plaintiff, v. *William A. Richardson et al.,*
Defendants.

Alexander W. Macpherson, of aforesaid city and county, being
duly sworn, deposes and says: That on the        day of
A.D. 1855, Charles S. Compton, one of the above-named defend-
ants, and appellant herein, executed and delivered to deponent his
(Compton's) certain general power of attorney.    That under and
by virtue of said power, deponent has from said date been acting,
and does still act, as attorney in fact of said Compton; that said
power of attorney has never been revoked, and is now in full force,
and that deponent has never treated said power of attorney as
abrogated or annulled, but considers the same as in full force and
effect.    That under said power of attorney, deponent employed
Hall McAllister, an attorney at law, residing in the City and
County of San Francisco, for and on behalf of the said Charles S.
Compton, to prosecute an appeal in this cause.

In regard to the interest of the said Charles S. Compton in the
premises, deponent states, that one William A. Richardson and wife
executed to the said Compton and one Donald Davidson, three sev-
eral mortgages upon the property set forth and described in the
complaint; one dated October 13th, 1853, another February 1st,
1854, and the third, March 21st, 1854, which said three several
mortgages are particularly referred to and described in the plaint-
iff's brief, on motion to dismiss herein.    That said mortgages were
made to secure various large sums of money advanced by appellant
and said Davidson to said Richardson and wife.    That subsequently
thereto, said Compton, to secure certain money borrowed by him
from one Benjamin Davidson, and one Robert Walkinshaw, assigned
said mortgages to said Benjamin Davidson, and said Robert Walk-
inshaw.

That subsequent to said assignments, and to secure one William
Hood for moneys due him by said Compton, said Compton assigned

Ricketson v. Compton.

to said Hood the balance of his interest in aforesaid three mortgages from Richardson and wife, by two assignments, the one dated November 31st, 1854, and the other July 26th, 1856, which said assignments are particularly referred to in plaintiff's brief on motion to dismiss herein.    Deponent states, on information and belief, that said Compton has never executed a deed transferring absolutely his interest in said mortgages from Richardson and wife to said William Hood, but that any and every deed, of whatever kind or nature, made by said Compton to said Hood, were executed to secure the aforesaid sums of money due by said Compton to said Hood, specially reserving to himself (said Compton), the overplus arising from the sale of said mortgaged premises after the payment of all of said assignments to Davidson, Walkinshaw, and Hood.

Deponent further says, that if the aforesaid mortgages of Richardson and wife were paid, said Compton would receive a sum of money more than sufficient to pay all the above-named assignments to Davidson, Walkinshaw, and Hood, and have left a large amount of money ; and that said Compton has a valuable interest in the event and issue of this suit.

A. W. Macpherson.

Subscribed and sworn to before me, this twenty-first day of April, 1863. ·

[L.S.]                                    Geo. T. Knox, Notary Public.

*Gregory Yale*, for Respondent.

[No brief on file.]

*Hall McAllister*, for Appellant.

The motion in this case, made by the counsel for respondent, is one extraordinary in its nature, and almost without precedent.    It is a motion to dismiss an appeal taken by Mr. Compton, appellant, based upon sixteen grounds.    Surely in number, but only in number, formidable.    For among them we see nothing stated upon which a motion of this character can be based, with any hope of success.

Ricketson *v.* Compton.

It is not alleged that the appeal was not taken in time ; that any of the requisite steps for perfecting an appeal, in serving notices, filing papers, giving undertakings, etc. (see Practice Act, 346, Rule III, of this Court), have been omitted.

It is stated—1st, that Compton did not take the appeal ; 2d, that you (we) have no authority to use his (Compton's) name ; 3d, that Compton has been absent from the State some seven or eight years, and has left no one with authority to take such appeal.

These may be dismissed by saying, that they are matters which do not appear in the transcript ; they are facts *dehors* the record, and are attempted to be shown by respondent on affidavit ; but the counter affidavit, which we file herein in opposition to the motion, is in full and direct denial of these statements, and upon that we can safely rest.

The fourth ground is, " that the said appeal is sham and frivolous, and intends to delay the execution of the decree appealed from, and to embarrass the title of the purchaser at the sale under such deed.   For argument's sake, let this be admitted to be true; how does it affect this appeal ?   What ground does it furnish the respondent to move for dismissal ?   What has this Court to do with the intention of appellant ?   Appeals are not matters of grace, but of right.   No statute authorizes an appeal on motion to be dismissed because frivolous or sham, as in the case of a motion to strike out pleadings.

Says Cowen, J. in *Dey* v. *Walton* (2 Hill, 405) : " It is insisted, however, that the facts stated show the appeal to be frivolous, intended merely to awe the complainant into a settlement, and, indeed, that the appeal has been waived.   With the ground of frivolousness, we of course have nothing to do at this stage of the cause.   An appeal either from an interlocutory or final decree, is a matter of right on making the deposit, or giving the security required by the statute.   *   *   *   Nor have we any right to inquire into the intent with which the appeal was brought."

If, on the final hearing and determination of this appeal, it shall appear that the " same was made for delay, the Court may add to the costs such damages as may be just." (Practice Act, Sec. 345.) It is here that respondent may find relief, not in the method he has chosen.

Ricketson *v.* Compton.

Charles S. Compton has had a decree of Court entered against him by which his rights and interests are sought to be forever terminated and adjudged. The consequence is, he appeals to this Court, and on the hearing of the appeal, will show that the Court below had no jurisdiction as against him. He has a right to do this, and to urge that this appeal is, in its nature, frivolous—is, in itself, of all things most frivolous. (*Schloss* v. *White*, 16 Cal. 65.)

Of course, the question on the merits is not to be argued here; so long as it does not clearly and affirmatively appear that there is no merit in the appeal, the Court will grant no motion to dismiss. (Vide *Rogers* v. *Hosack*, 5 Hill, 522, 523.)

The fifth, sixth, seventh, eighth, and ninth grounds upon which the motion is to rest, are all to the same effect, though stated in different phraseology, to wit: That this appellant, Compton, is not a necessary party to the action, and that he has not now, nor did he have at the commencement of the suit, any interest therein. Nothing of this, but quite the contrary, appears by the record. It is attempted to be shown by the affidavit of Stone. The affidavit on behalf of Compton, however, denies all this; shows affirmatively that he has an interest, and what that interest is—its kind and quality; this is sufficient, and more than sufficient. But how can it be alleged by this respondent (plaintiff) that Compton has no interest in the action—is not a necessary party to the suit? Let the record answer. Over and over again, it appears that Compton has been treated as a necessary party, and a party interested. The complaint so treats him; the affidavit for publication of summons so regards him. It is there deposed, under oath, "that a good cause of action exists against all of said defendants; and that they are all, as deponent is informed and believes, necessary parties to said action."

The order of publication of summons affirms: "It appearing that a cause of action as described in the complaint exists against said defendants," one of whom is Compton, "and that they are necessary parties thereto," etc. In short, from the beginning to the end, Compton has been a declared and recognized party; and certainly is now, so far as the respondent can cause him to be.

Ricketson *v.* Compton.

The respondent is anxious to dismiss this appeal for the reason, that Compton is not a necessary party, and because he is not interested in the subject matter of the action ; but no such anxiety has been manifested, for these reasons, to dismiss the suit as against Compton.

The tenth, eleventh, twelfth, thirteenth, and fourteenth grounds, in so far as we can gather anything from them, proceed upon the idea that the entire matter is now adjudicated ; that, therefore, no appeal can be taken.

If it were *res adjudicata,* how does it prevent an appeal ?

We come back to what we have already advanced, that no motion to dismiss can be made upon such ground.

If between two parties a judgment is rendered, and the law is most clear and plain, so that there exists no doubt in regard to it, cannot that judgment be appealed from ?   It may be, that it is only for delay—only to gain a compromise—only to vex, harrass, perhaps from malicious motives.    These facts appearing, the Court may affirm the judgment with damages ; but we have yet to learn, that they can dismiss it without hearing.   (*Dey* v. *Walton,* 2 Hill, 405 ; *Pinkham* v. *Wemple,* 12 Cal. 449 ; 1 Labatt's Cal. Dig. 128, title 13, where all the cases are collated.)

We have to say, in conclusion, that the very fact, that so many grounds are made upon which to predicate a motion of dismissal, defeats it.   Some of them are questions of law ; some of them questions of fact ; and yet others, mixed questions of law and fact.

Now, even in a motion to strike out a demurrer or answer, as frivolous, sham, intended to delay, etc., which is expressly provided for by statute, these facts must clearly and of themselves appear. If any argument is required, that of itself denies the motion, for the merits cannot be heard at such stage of the case.

If a practice is to be adopted of dismissing appeals on motion, where no express provision of the statute warrants it, it will doubtless conform in this respect to the law in regard to motions to strike out pleadings, and not permit the entire case to be reviewed, both as to law and facts.

We refer, particularly, to *Rogers* v. *Hosack* (5 Hill, 522).   Chief Justice Nelson therein says :  " By the fifty-second rule of the Su-

preme Court, motions to bring on the argument of a demurrer or bill of exceptions as frivolous, may be made on the morning of any day in the first week of term, upon giving the proper notice (Rules of Sup. Ct., Ed. of 1837, 27); and the present motion seems to have been made in analogy to the practice of that Court. But there the questions involved are purely questions of law, which can be readily presented in a way to enable the Judges to determine at once whether they are frivolous in their character or not. No argument is allowed. If one is necessary to show the frivolousness of the point or points presented, they are assumed to be of sufficient gravity to entitle the case to be heard in its regular place upon the calendar. Not so, however, in cases of appeal from Chancery to this Court. They frequently involve questions both of law and fact; and, consequently, before the Court can determine the preliminary question, whether an appeal is frivolous or not, each member must make himself master of, the whole case—the pleadings and proofs, as well as the legal and equitable principles applicable to them. It is most obvious, therefore, that the time thus spent will be about the same as would be required to hear the argument in the ordinary course, with a view to a final decision.    *    *    *
These, and other considerations that might be adverted to, have hitherto prevented this Court from adopting the practice now pressed upon us.

" It must be admitted, that no trace of it can be found in the reports; and I am confident that, during the course of my experience, covering a period of some twelve years, none can be found in the records of the Court.

" The motion is without precedent; and I am satisfied the objections to it, upon general considerations, are sufficiently weighty to dissuade us from making a precedent in this case."

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

In this case one of the defendants, Charles S. Compton, is the sole appellant. The defendant moves to dismiss the appeal on various grounds. The case has been once before this Court, on an appeal taken by the plaintiff, and the decree was reversed, and the

Ricketson v. Compton.

cause was remanded for a decree in pursuance of the principles of the opinion of the Court. (19 Cal. 330.) Upon the return of the case, the Court below entered a decree, purporting to be in accordance with the opinion, from which the defendant Compton appeals.

It is contended, on the motion to dismiss, that the defendant Compton did not take the appeal; that there was no authority for using his name in taking it; and that he has been absent from the State seven or eight years. The appellant did not enter any appearance during the pendency of the suit; but a judgment was rendered against him by default. The notice of appeal is signed by an attorney of the Court, who it is presumed had authority to take such action. The affidavit of Macpherson, the attorney in fact of the appellant, shows that the appeal was fully authorized by him, acting as attorney in fact, under a sufficient power. The fact that the appellant has resided out of the State for several years, is no ground for denying him the right to appeal from a judgment rendered against him.

The next ground for the motion is, that the appeal is sham and frivolous, intended to delay the execution of the decree, and to embarrass the title of any purchaser at a sale under it. It is no proper ground for a motion to dismiss an appeal, that it is sham and frivolous—though it may be a good reason for a speedy submission and decision of the appeal. An appeal is a matter of right, and that right cannot be defeated because the appeal may be groundless. The remedy of the respondent, in such cases, is by an award of damages by this Court, under Sec. 345 of the Practice Act. (*Dey* v. *Walton*, 2 Hill, 405.) An examination of the record shows, that the appeal cannot be justly termed sham or frivolous.

It is further urged in support of the motion, that the appellant has no interest in the decree, or in the subject matter of the controversy; that he was an unnecessary party; that prior to the commencement of the action he had assigned all the interest he ever had in the matter, to others of the defendants. If such be the case, that he has no interest, and ought not to have been made a party, it is the fault of the respondents that he was a party, and affords no proper ground for this motion. If he ought not to have

42

Ricketson *v.* Compton.

been made a party, the plaintiff ought not to have made him a party, and he should have dismissed the case as to him. But the plaintiff cannot hold a judgment against him, and at the same time deny him the right to appeal from that judgment. By admitting that the appellant had no interest in the subject matter, and that he ought not to have been a party, the respondent virtually admits that he is not entitled to any judgment against him, which would of itself form a good ground for the appeal.

The respondent also contends, that the appeal to this Court, in which the Court below was directed to enter a decree in accordance with the opinion of this Court, was taken by the defendants; that no appeal could be taken from the decree thus entered by the order of this Court; that an appeal was taken by the defendants from such decree, on which the decree was affirmed; and that this defendant cannot, therefore, take this appeal. These facts, if true, may form good grounds for affirming the judgment of the Court below—but they are no proper basis for a motion to dismiss the appeal  All these questions are proper to be considered in adjudicating the questions raised by the appeal; but cannot properly be brought before us in this mode.

It is also urged, that a default was duly entered against this defendant, in 1857; and that no appeal was ever taken from that default; and that, therefore, no appeal lies from the final judgment. We are not aware that any appeal lies from an order entering a default against a party; but even if the statute provided for such an appeal, the defendant, by failing to take such an appeal, does not lose or waive his right of appeal from the final judgment. Whether that default was properly entered, or not, is a question which he has a right to have adjudicated upon an appeal from the final judgment. These are all the grounds of the motion to dismiss; and none of them being sufficient, the motion to dismiss is overruled. No briefs being on file upon the merits of the appeal, we do not pass upon it, but reserve it for future consideration.