[Civ. No. 585. First Appellate District.—February 4, 1909.]

In the Matter of the Estate of HONORA SHARP, Deceased. JAMES O'DONNELL et al., Appellants, v. SAMUEL G. MURPHY et al., Respondents.

WILLS—PETITION FOR LARGE BEQUEST—OPPOSITION BY HEIRS—SECRET TRUST TO EVADE LAW OF CHARITIES—JURISDICTION—MOTION TO DISMISS APPEAL—MERITS.—An opposition by heirs to the payment of a bequest of $200,000 on the ground that it was upon a secret trust to evade the law of charities was addressed to the jurisdiction of the court to allow the same, and a motion to dismiss an appeal by the heirs from the judgment awarding the bequest, upon the ground that the order admitting the will to probate was final, and that the heirs are not parties aggrieved by the judgment, must be denied, as the determination of such question involves the merits of the appeal. The merits of a case cannot be examined upon a motion to dismiss an appeal.

ID.—OFFICE OF MOTION TO DISMISS APPEAL.—The proper office of a motion to dismiss an appeal is a challenge to the jurisdiction of the appellate court, or based upon alleged failure of the appellant to comply with the statutes or the rules of the court regulating appeals. Where there is no such challenge or failure involved, a motion to dismiss the appeal must be denied.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Maguire, Lindsay, Houx & Barrett, for Appellants.

Chas. S. Wheeler, for Respondents.

COOPER, P. J.—Motion to dismiss an appeal.

The last will and testament of Honora Sharp, deceased, was duly admitted to probate in February, 1905. On June 6, 1907, R. H. Lloyd and A. B. Spreckels filed their petition, asking for an order directing the payment of a bequest to them of $200,000 made by the last will of deceased. James O'Donnell and several other parties, claiming to be all the surviving cousins and heirs at law of said deceased, filed a paper denominated "Answer and Cross-complaint, or Opposition to the Petition," in which they alleged and claimed that the bequest of $200,000 was in fact a secret trust, made for the purpose and with the design of evading the laws of the state of California, limiting the amount of charitable bequests and devises to one-third of the estate. To the answer and cross-complaint so filed petitioners filed a demurrer, claiming that the petition did not state facts sufficient to entitle petitioners to any relief; that the will of deceased disposed of all her property; that the alleged heirs were not persons interested, and that the probate court had no jurisdiction to declare a secret or resulting trust upon the property devised and bequeathed absolutely by the terms of the will, and that such jurisdiction could only be invoked in a court of equity.

The trial court evidently took this view of the case, and sustained the demurrer without leave to amend. Judgment was accordingly entered in favor of petitioners and against said James O'Donnell et al. This appeal is from said judgment.

The motion to dismiss is made upon the ground that the order admitting the will of deceased to probate is final; that the appellants here are not interested parties in the estate of deceased, and are not aggrieved by the judgment.

The determination of such question would involve the merits of the case. The whole controversy is centered in the question as to the jurisdiction of the probate court. We will not examine the merits of a case on a motion to dismiss an appeal. Such motion is, in the usual acceptation of the term, a challenge to the jurisdiction of the appellate court, or based upon some alleged failure of the appellant to comply with the statutes or the rules of court in taking and perfecting his appeal, such as serving notice, giving the under-

taking, filing the transcript and so forth. Here there is no challenge to the jurisdiction of the court, or alleged failure to comply with the rules or statutes as to appeals. (See *Ricketson* v. *Compton,* 23 Cal. 636; *Foscalina* v. *Doyle,* 48 Cal. 151; *Corder* v. *Speake,* 37 Or. 105; *In re Williams' Estate,* 36 Pac. 6; *Ohlandt* v. *Joost,* 53 Pac. 213; *Leonis* v. *Leffingwell,* 55 Pac. 897.)

The motion is denied.

Hall, J., and Kerrigan, J., concurred.