[S. F. No. 13412. In Bank.—September 10, 1929.]

UNITED STATES OF AMERICA, Respondent, v. ROSA ACKERMAN et al., Defendants; PAUL BAHR et al., Appellants.

William H. Johnson for Appellants.

Fred L. Thomas, District Attorney, and Frank J. Waterhouse, Deputy District Attorney, for Respondent.

WASTE, C. J.—This action, instituted under and pursuant to the provisions of sections 21 and 22 of title II of the National Prohibition Act (41 Stat. 305 [27 U. S. C. A., pp. 99, 111, secs. 33, 34]), terminated in the court below with the entry of a decree adjudging the "Alviso Hotel," situate in the county of Santa Clara, to be a common nuisance, and ordering the entire building closed for a period of one year. No appeal was taken by the owner of the building. However, certain occupants of the hotel, none of whom had been made parties to the action, duly moved the court below to vacate or modify its judgment on the ground, among others, that "each of said moving parties are aggrieved by the effect of said judgment, and are materially injured as to their substantial rights." An affidavit, filed in support of this motion, set out that the several moving parties had been occupying rooms in the Alviso Hotel "as their private place of dwelling"; that at none of the times mentioned in the complaint had intoxicating liquors been kept or dispensed in any of their said rooms; and that, by reason of the judgment and decree of abatement, they had been ousted and ejected "from their several rooms and places of dwelling." From the order denying their motion to vacate or

modify the judgment the moving parties prosecuted this appeal.

The plaintiff and respondent moves to dismiss the appeal principally on the ground that the appellants "at no time had any interest in the subject matter of the action, for the reason that they were mere lodgers in said hotel," and were not, therefore, parties "aggrieved" within the meaning of section 938 of the Code of Civil Procedure. Inspection of the transcript and of the appellants' opening brief discloses that both the motion to vacate the judgment and the appeal from the order denying the same are grounded on the claim that the appellants, although merely roomers or lodgers in the Alviso Hotel, have such an interest in that portion of the building occupied by them as "places of dwelling" as to make them parties "aggrieved" within the meaning of section 938, *supra*. It is readily apparent, therefore, that a determination of the motion to dismiss the appeal involves the necessity of an investigation and consideration of the merits of the appeal.

A motion to dismiss an appeal "is, in the usual acceptation of the term, a challenge to the jurisdiction of the appellate court, or based upon some alleged failure of the appellant to comply with the statutes or the rules of court in taking and perfecting his appeal . . . " (*Estate of Sharp*, 10 Cal. App. 1, 2 [100 Pac. 1071].) Here there is no challenge to the jurisdiction of the court, or alleged failure to comply with the rules or statutes as to appeals.

That being so, the motion to dismiss is denied, with leave to the respondent to renew the motion upon the final submission of the appeal, if so advised.

Shenk, J., Richards, J., Seawell, J., Preston, J., and Langdon, J., concurred.