[L. A. No. 11597. In Bank.—January 26, 1931.]

ESTELLE PORTER CHRISTIN, Respondent, v. CHARLES W. STORY, Appellant.

Clyde C. Shoemaker for Appellant.

Knight, Boland & Christin, Horace S. Wilson and Arthur Dunn, Jr., for Respondent.

THE COURT.—This is a motion to dismiss defendant's appeal from a judgment of forfeiture.

Plaintiff and defendant entered into a written contract by which the former agreed to sell and the latter to buy certain described real property for the sum of one hundred thousand dollars, principal and interest payments to be made in stated installments. The contract was executed in 1927, and the final payment was due on or before June 1, 1930. Time was of the essence, and provision was made for forfeiture in the event of default. Following defendant's default in the payment of certain installments of interest and taxes, the plaintiff brought this action to recover possession of the property and to have defendant's rights under the contract declared forfeited. ■ Upon the trial defendant urged that by accepting a tardy and insufficient installment payment of interest, and thereafter repeatedly acquiescing in defendant's default to make payments as required, the plaintiff had waived the provisions making time of the essence and authorizing a forfeiture. The trial court found for the plaintiff on this issue and gave judgment accordingly, whereupon defendant appealed. Since the taking of the appeal the time for making the final payment under the contract has expired, and respondent asks that the appeal be dismissed on the ground that the whole matter is therefore moot.

In *United States* v. *Ackerman,* 208 Cal. 99, 101 [280 Pac. 359], we declined to investigate and consider the merits of an appeal upon a motion to dismiss. This principle has application to the present motion. Appellant contends that respondent, by her conduct, has waived all right to declare a forfeiture. The determination of this point goes to the merits of the appeal, and we must therefore decline to pass on the point in advance of a consideration of the appeal on its merits. Therefore, we cannot now say that appellant is

precluded from asserting any and all rights under the contract, and the motion must, for this reason, be denied.

The motion is denied.