[L. A. No. 12699. In Bank.—April 30, 1931.]

In the Matter of the Estate of EDNA SAYLES, Deceased. CHARLES SHOREY, Appellant, v. LEON SAYLES et al., Respondents.

John M. Burnett, David M. Burnett and Joseph F. Rank for Appellant.

C. W. Stahl for Respondents.

WASTE, C. J.—The last will and testament of Edna Sayles, deceased, was admitted to probate on December 17, 1929, and letters testamentary issued thereon. She left surviving her neither issue, husband, father, mother, full brothers or sisters, nor the issue thereof, but left two half-

brothers and two half-sisters and their children. By the terms of her will she disposed of all her property to certain named persons, among them the half brothers and sisters and their children. Claiming to be a cousin of the decedent, and an inheritable heir, the appellant filed his contest of the will, alleging want of due execution and incapacity of the decedent to execute such an instrument. In his petition of contest, the appellant also alleged that all of the property of which decedent had died seized had come to her by descent and devise, and that a proper construction of section 1394 of the Civil Code would exclude her half brothers and sisters from inheriting any portion of the estate, causing it to thus fall to the contestant as a cousin german. The proponents of the will demurred to this petition, urging that the appellant was not an inheritable heir of the decedent under the laws of succession, and therefore was not a person "interested" within the meaning of section 1307 of the Code of Civil Procedure. This demurrer was sustained, and subsequently a motion to dismiss, based on the same grounds, was granted. From the orders sustaining the demurrer and granting the motion to dismiss the contestant appealed.

■ Contending that the transcript discloses the appeal to be frivolous the respondents move to dismiss the appeal, urging, as in the court below, that the appellant may not contest the will because he is neither a person interested in the estate nor an inheritable heir of the decedent. It is immediately apparent that the issues raised on the motion are identical with those presented on the appeal itself. We have only recently declared that if the disposition of a motion to dismiss requires a consideration of the appeal on its merits, the motion must be denied. (*Christin* v. *Story,* 211 Cal. 381 [295 Pac. 515]; *United States* v. *Ackerman,* 208 Cal. 99, 101 [280 Pac. 359].)

The motion is denied.

Shenk, J., Richards, J., Curtis, J., Langdon, J., Preston, J., and Seawell, J., concurred.