[Civ. No. 13941.   Second Dist., Div. Two.   Mar. 12, 1943.]

YETTA C. MANOIL, INC., (a Corporation), Respondent, v. CECIL E. GIBSON, Appellant.

Harry M. Irwin for Appellant.

Arch R. Tuthill, Flint & McKay and Roscoe C. Andrews for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an unlawful detainer action for the purpose of recovering the immediate possession of a three-story building, on the ground that the lessee had violated the terms of a lease, defendant lessee appeals.

There are also appeals from orders denying defendant lessee's:

(1) Motion for an order under section 1179, Code of Civil Procedure, and

(2) Motion for a new trial.

The evidence being viewed in the light most favorable to plaintiff (respondent), the essential facts are these:

October 1, 1941, plaintiff as lessor leased to defendant, Cecil E. Gibson, a three-story concrete building in Los Angeles known as 1017 North Alameda Street and 720 North Spring Street. The building is a garage building consisting of three floors. There is a separate entrance to the second floor from Spring Street, there being no direct connection between the first and second floor other than by a freight elevator, which can be operated between all three floors in the building.

It was provided in the lease that, "Except with the written consent of Landlord, only Tenant shall occupy the demised premises; and neither the demised premises, nor any part thereof, shall be sublet, nor shall this lease be assigned by Tenant voluntarily or involuntarily by operation of law."

In December, 1941, defendant lessee sublet the entire second floor of the building to Transport Motor Company for a monthly rental of $200 payable in advance. Plaintiff lessor never gave his consent to the sublease.

This is the sole question necessary for us to determine: *Was there substantial evidence to sustain the trial court's finding that defendant lessee, contrary to the provisions of the lease, sublet a portion of the demised premises without the consent of plaintiff lessor?*

This question must be answered in the affirmative. It is undisputed that the written lease between the parties contained a provision prohibiting the subletting of the leased premises or any portion thereof without written consent of the lessor. It is likewise conceded that the lessor did not at

any time consent to a subletting of any portion or all of the leased property.

Defendant lessee's contention that the arrangement between himself and Transport Motor Company did not constitute a subletting, but was a permissive use under the clause in the lease, that the demised property was to be used as a garage for storage, is without merit.

The arrangement between the parties as disclosed by the evidence was not merely one whereby automobiles of Transport Motor Company were stored for hire, which would have established the relationship of bailor and bailee (a permissible use under the terms of the lease), but was one for the rental of a definite portion of real property under a month to month tenancy which created the relation of landlord and tenant.

This distinction is clearly delineated in *Gruber* v. *Pacific States Savings & Loan Company,* 13 Cal.2d 144 [88 P.2d 137], in which case a portion of a quarry, consisting of a barn, lot, and corral was rented for the purpose of storing equipment at a rental of $15 per month. In determining the legal relationship created by this arrangement, Mr. Chief Justice Waste, speaking for the Supreme Court, says in *Gruber* v. *Pacific States Savings & Loan, supra,* at page 150:

"The agreement between the parties, as disclosed by the record, was not one of storage for hire which establishes the relationship of bailor and bailee but rather was one for the rental of real property which establishes the relationship of landlord and tenant even though, as here, it may be contemplated that the property will be used by the tenant solely for storage purposes."

In view of the foregoing it is evident that the lessee breached a provision of the written lease which he had entered into with the plaintiff lessor, that the trial judge's finding to such effect is supported by substantial evidence, and the judgment directing that plaintiff be restored to the possession of the leased property is correct.

In view of the conclusions we have reached it is unnecessary for us to discuss the other points presented by counsel.

For the foregoing reasons the judgment and the order denying defendant Gibson's motion under section 1179, Code of Civil Procedure are and each is affirmed.

An appeal does not lie from an order denying a motion

for a new trial in a civil case (*D'Alessio* v. *D'Alessio,* 56 Cal. App.2d 118, 120 [132 P.2d 271]). Therefore the attempted appeal from the order denying the motion for a new trial is dismissed.

Moore, P. J., and Wood (W. J.), J., concurred.