[Civ. No. 14652. Second Dist., Div. Two. Nov. 20, 1944.]

## ELLIOTT L. KELSO et al., Respondents, v. HARRY F. ULRICH, Appellant.

William R. Law for Appellant.

Edward D. Garratt for Respondents.

McCOMB, J.—Respondents move to dismiss the appeal on the ground that it is frivolous and taken solely for the purpose of delay. The appeal is from a judgment decreeing a forfeiture of appellant's rights under an agreement for the sale of real property. In appellant's opening brief he urges that:

(1) The complaint does not state a cause of action for forfeiture or for liquidated damages.

(2) Respondents waived the right to declare a forfeiture by entering into an escrow agreement with appellant after October 1, 1943, and

(3) The case being in equity the trial court erred in forfeiting appellant's rights, since in his answer he offered to pay all sums due respondents.

This is the sole question presented for our determination:

*Under the foregoing facts will an appellate court in California dismiss an appeal upon the ground that the appeal is frivolous and taken solely for the purpose of delay?*

This question must be answered in the negative. It is the

general rule in California that where the issues presented on a motion to dismiss an appeal are identical with those presented on the appeal itself, which is the case on the present motion, the motion will be denied. It is to be noted that the determination of the questions on the appeal would require us not merely to examine the judgment roll, but also to read appellant's opening brief.* (*Estate of Sayles*, 212 Cal. 437, 438 [298 P. 971]; *Christin* v. *Story*, 211 Cal. 381, 382 [295 P. 515].)

For the foregoing reasons the motion is denied. Respondents are allowed twenty days from the date of the filing of this opinion within which to prepare, serve and file respondents' brief, and appellant is allowed ten days after respondents' brief is filed within which to prepare, serve and file a reply brief.

Moore, P. J., and Wood (W. J.), J., concurred.

---

*To the general rule there is this exception, to wit: An appellate court has inherent power to dismiss an appeal where a mere examination of the judgment roll demonstrates that the appeal is frivolous. (*Sonoma M. Co.* v. *National etc. Corp.*, 189 Cal. 433, 434 [208 P. 962]; *Scarpel* v. *East Bay Street Rys.*, 42 Cal.App.2d 32, 33 [115 P.2d 862].)