[Civ. No. 14617. Second Dist., Div. Two. Dec. 13, 1944.]

EDNA I. WILLIAMS, Appellant, v. EVERLY M. DAVIS, SR., Respondent.

Edna I. Williams, in pro. per., for Appellant.

Edward R. Young, Frank R. Johnston and E. L. Searle for Respondent.

McCOMB, J.—This is a motion to dismiss appeals from orders (1) granting respondent's (defendant in the trial court) motion to terminate proceedings for the preparation of a transcript on appeal, (2) of the superior court denying appellant's (plaintiff in the trial court) motion for a new trial pursuant to the provisions of section 953e of the Code of Civil Procedure, on the ground that the appeals are sham, frivolous and taken solely for the purpose of delay.

There is also a motion to strike appellant's opening brief from the files on the ground the brief contains language disrespectful and abusive of the trial judge.

I

The record discloses that after a trial resulting in a judgment in favor of respondent, appellant appealed, and a transcript was prepared by the court reporter which consisted of 4,470 pages; that certain objections were made to the transcript; and that after various hearings the trial judge made an order terminating the proceedings for the preparation of the transcript on appeal. Appellant has filed a brief of 36 pages in which she contends that the trial court erred in granting respondent's motion to terminate the proceedings for the preparation of the transcript on appeal.

This is the sole question presented for our determination:

*Under the foregoing facts will an appellate court in California dismiss an appeal upon the ground that the appeal is sham, frivolous and taken solely for the purpose of delay?*

This question must be answered in the negative. It is the general rule in California that where the issues presented on a motion to dismiss an appeal are identical with those presented on the appeal itself, which is the case on the present motion, the motion will be denied. It is to be noted that the determination of the questions on the appeal would require us not merely to examine the judgment roll but also to read appellant's opening brief. (*Estate of Sayles,* 212 Cal. 437, 438 [298 P. 971] ; *Christin* v. *Story,* 211 Cal. 381, 382 [295 P. 515] ; *Kelso* v. *Ulrich,* 66 Cal.App.2d 873, 874 [153 P.2d 440].)

For the foregoing reasons the motion to dismiss the appeal from the order terminating proceedings for the preparation of a transcript on appeal must be denied.

## II

Subsequent to the trial, differences arose between appellant and the court reporter, Samuel Rappaport, the history of which is fully set forth in *Williams* v. *Superior Court,* 14 Cal.2d 656 [96 P.2d 334]. After the decision in such case a transcript was prepared and filed with the clerk of the superior court. This transcript consisted of 4,470 pages. Appellant at the time of the oral argument before this court conceded the foregoing facts, and also that the reporter, Samuel Rappaport, was in the county and that she had talked with him. There is no showing that he is either dead or disabled mentally or physically from preparing a transcript; in fact, it is conceded that he has prepared a transcript which may or may not contain inaccuracies.

This is the sole question presented for our determination: *Under the foregoing facts will an appellate court in California dismiss an appeal upon the ground that an appeal from an order denying a motion for a new trial is without merit?*

This question must be answered in the affirmative, and is governed by these rules:

■ (1) To the general rule stated in subdivision I of this opinion there is this exception: An appellate court has inherent power to dismiss an appeal where a mere examination of the judgment roll demonstrates that the appeal is frivolous. (*Sonoma M. Co.* v. *National M. Products Corp.,* 189 Cal. 433, 434 [208 P. 962] ; *Scarpel* v. *East B. S. Railways, Ltd.,* 42 Cal.App.2d 32, 33 [115 P.2d 862] ; *Kelso* v. *Ulrich, supra.*)

■ (2) It is the general rule that an appeal does not lie from an order denying a motion for a new trial in a civil

case. (*Yetta C. Manoil, Inc.* v. *Gibson*, 57 Cal.App.2d 620, 622 [135 P.2d 14]; also 2 McKinney's New California Digest, (1930), p. 129, Appeal and Error, § 74 and supplement thereto.)

■ (3) To the general rule stated under rule 2, *supra*, there is this exception: An appeal lies from an order denying a motion for a new trial made pursuant to the provisions of section 953e of the Code of Civil Procedure. (*Conlin* v. *Coyne*, 15 Cal.App.2d 569, 670 [59 P.2d 884].)

■ (4) The trial court is without jurisdiction to grant a motion for a new trial pursuant to the provisions of section 953e of the Code of Civil Procedure unless the phonographic reporter (a) is dead or (b) suffers a physical or mental disa-, bility as a result of which he is unable to prepare a transcript of his notes. (*Norris* v. *Norris*, 50 Cal.App.2d 726, 734 [123 P.2d 847]; *Laumann* v. *Conner*, 12 Cal.App.2d 631, 632 et seq. [55 P.2d 1225]. See, also, *Moore* v. *Specialty Oil Tool Co.*, 128 Cal.App. 662, 664 [18 P.2d 82].)

Applying the foregoing rules to the facts of the instant case, since it is conceded that the phonographic reporter was alive and able to prepare a transcript of his notes and did in fact prepare a transcript, which may or may not have been accurate, the trial court under rule 4, *supra*, was without jurisdiction to grant a motion for a new trial under the provisions of section 953e, Code of Civil Procedure, and therefore properly denied such motion. It appears that the appeal is without merit and under rule 1, *supra*, the appeal from the order denying the motion for a new trial should be dismissed.

■ Relative to respondent's motion to strike appellant's opening brief on the ground that the brief contains language disrespectful and abusive of the trial judge, such motion should be denied for the reason that the brief has been prepared by plaintiff herself who is a layman not schooled in the law or the ethics of the profession and who, no doubt, over a period of years has become thoroughly imbued with what she conceives to be the justice of her cause. We are further impelled to this course because of the known professional integrity and unimpeachable character of the trial judge whose orders are now subject to review.

For the foregoing reasons:

(1) The motion to dismiss the appeal from the order terminating proceedings for the preparation of a transcript is denied. Respondent is allowed 20 days from and after the date of the filing of this opinion within which to serve and

file a reply brief, and appellant is allowed 15 days from and after the date of the filing of respondent's reply brief within which to serve and file her closing brief;

(2) The motion to dismiss the appeal from the order denying a motion for a new trial pursuant to the provisions of section 953e, Code of Civil Procedure, is granted; and

(3) The motion to strike appellant's opening brief is denied.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied January 3, 1945, and appellant's petition for a hearing by the Supreme Court was denied February 8, 1945. Carter, J., and Schauer, J., voted for a hearing. Gibson, C. J., did not participate therein.