[Civ. No. 12994. First Dist., Div. Two. Sept. 20, 1945.]

PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Appellant, v. FRANK C. MORTIMER, as Building and Loan Commissioner, etc., Respondent.

(And connected cases.)

Gardiner Johnson for Appellant.

Robert W. Kenny, Attorney General, John J. Dailey, Clarence A. Linn and Lenore D. Underwood, Deputies Attorney General, for Respondent.

NOURSE, P. J.—Respondent moves to dismiss the appeals in this and in sixty-one other related cases from separate

orders of the superior court authorizing the commissioner in liquidation of the affairs of the corporation to sell sixty-two parcels of real property owned by the corporation. The appeals have been taken by the corporation as an interested party appearing in response to the several orders to show cause why the several sales should not be approved. Since the questions presented on this motion are identical in each of the sixty-two cases the reasons given for our judgment are made equally applicable to all.

It is argued that the appeal is frivolous because the respondent is alone charged with the duty of determining whether to liquidate, and, having sold under that authority, and the sale having been approved by the superior court, the appeal merely puts in issue the question of authority heretofore determined in *Pacific States Savings & Loan Co.* v. *Hise,* 25 Cal.2d 822 [155 P.2d 809]. But we cannot determine on the notice of appeal alone, and in the absence of any other parts of the record on appeal, that an appeal is frivolous by assuming upon the statement of respondent that the only issue that will be tendered on the appeal is the one which respondent anticipates. It has been held that where a consideration of a motion to dismiss an appeal on this ground requires an examination of the appeal on its merits the motion will be denied, *Christin* v. *Story,* 211 Cal. 381 [295 P. 515]; *Estate of Sayles,* 212 Cal. 437 [298 P. 971]; *Kelso* v. *Ulrich,* 66 Cal.App.2d 873 [153 P.2d 440]. The exception to this rule that an appeal may be dismissed where a mere examination of the judgment roll demonstrates that the appeal is frivolous (*Sonoma M. Co.* v. *National etc. Corp.,* 189 Cal. 433 [208 P. 962]) is not applicable here because no part of the judgment roll is before us.

Respondent states that the order of confirmation is not an appealable order, but does not argue the point. It would seem that such an order, like one made during a receivership, would be appealable on the theory that it is an order for the doing of an act by or against the appellant which would otherwise become final and which would deprive appellant of a substantial property right. (*Colma Vegetable Assn.* v. *Superior Court,* 75 Cal.App. 91, 95 [242 P. 82]; *Fish* v. *Fish,* 216 Cal. 14, 16 [13 P.2d 375]. See, also, *Grant* v. *Superior Court,* 106 Cal. 324 [39 P. 604]; *Grant* v. *Los Angeles etc. Ry. Co.,* 116 Cal. 71 [47 P. 872]; *Los Angeles* v. *Los*

*Angeles City Water Co.,* 134 Cal. 121 [66 P. 198]; *Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753 [96 P. 803].) In the Colma Vegetable Assn. case the court pointed out that section 963 of the Code of Civil Procedure authorized an appeal from *a* final judgment—not from *the* final judgment; that a judgment conclusive of any question in controversy between the parties is "final" as to that question (*Sharon* v. *Sharon,* 67 Cal. 185, 196 [7 P. 456, 635, 8 P. 709]); and that, if the judgment or order requires "the doing of some act by or against the aggrieved party" it is final as to that controversy and hence appealable. In the case of *Fish* v. *Fish, supra,* the clause just quoted was cited with approval in a holding that an order made in a receivership determining the interest of the parties to the main litigation was appealable as an "act by or against" the aggrieved party.

█ Respondent argues that the appellant is not a proper party to the proceeding and hence has no right to appeal from the order. He cites *Pacific States Savings & Loan Co.* v. *Hise,* 25 Cal.2d 822 [155 P.2d 809] and *Trede* v. *Superior Court,* 21 Cal.2d 630 [134 P.2d 745]. Neither case is in point. Section 938 of the Code of Civil Procedure provides that "any party aggrieved may appeal." The word "party" includes any person who is a "party to the record." (*Elliott* v. *Superior Court,* 144 Cal. 501, 507 [77 P. 1109, 103 Am.St.Rep. 102].) One may become a "party to the record" by an order to show cause which brings him into the proceeding and enables the court to make an order adverse to him. (*Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753, 756 [96 P. 803].)█ Section 13.16 of the Building and Loan Association Act (Stats. 1931, p. 483, as amended; Deering's Gen. Laws, Act 986) authorizes the sale of property in liquidation only after a hearing "on such notice as the court shall prescribe." Here an order to show cause was served on appellant pursuant to this section; it appeared and contested the order for a sale, and thereby became a party entitled to appeal from the subsequent order.

█ The remaining ground urged by respondent for a dismissal of the appeal relates to the failure of appellant to comply with the Rules on Appeal governing the preparation of the transcript. Appellant did not serve upon the respondent its request filed with the county clerk to prepare a transcript, and in forty-two of the sixty-two cases such request

was not filed within the time prescribed in the Rules on Appeal.

Appellant makes two replies. First, that all the requests for the preparation of transcripts were either delivered to counsel for respondent or were made available to him before the time for filing them had expired and that counsel for respondent undertook to accommodate appellant's counsel in relation to the proceedings on appeal while the latter was engaged in his duties at Sacramento as a member of the Legislature. From this it is argued that since counsel for respondent had notice of the time and place of filing thereof in due time and made no objection to the manner in which they were received the requirement of "service" upon him has been waived.

Secondly, appellant argues that the notices were in fact served within due time. The argument rests upon these facts: counsel for appellant was a member of the state Legislature which was at the time in regular session at Sacramento. Before expiration of the time within which these notices should have been filed the judge of the Superior Court in San Francisco in which the proceedings were pending, upon application duly made by counsel for appellant, entered an order directing that "all hearings and other proceedings in the above-entitled action and/or proceeding be continued until thirty (30) days after final adjournment of the Fifty-Sixth Session of the California Legislature." The order was made pursuant to section 1054 of the Code of Civil Procedure. But respondent argues that the section is not applicable because it permits an extension of time when an act is to be done "as provided in this code" whereas the time for filing the notices here involved is fixed in the Rules on Appeal. The argument rests upon a very narrow interpretation of the code section. When it was enacted, and during its frequent amendments, the procedure for the preparation of a record on appeal in civil cases was prescribed in the same code and the new rules which became effective in 1943 correlated and unified the various steps of procedure found in the former code sections such as 953a et seq. Whether the right given to a member of the Legislature under section 1054 of a continuance in pending proceedings was intended to cover those acts which were thereafter covered by the Rules on Appeal has not been determined by any authority cited to us and we do not deem it

necessary to decide it here, because if respondent correctly interprets the section it is such a case as that contemplated by rule .53 where the reviewing court is authorized to relieve a party from default in failing to comply with the new rules. Here the appellant and the trial judge assumed that the code section was applicable and acted accordingly. The respondent did not question the power of the court to grant the continuance until the filing date fixed in the order of court had passed. Of the sixty-two cases in which an appeal was taken, the notices in twenty were filed within the time fixed in the rules. As to the remaining forty-two, respondent states that they were filed "from fourteen to seventeen days" late. This is not a serious default as each appeal is taken separately and none have been consolidated for hearing. It may be assumed that many of the legal questions to be presented in the twenty perfected appeals would be determinative of those following. Assuming that appellant is in default in this respect the respondent has not shown any prejudice to him by reason of the short delay.

Ordered that appellant is hereby relieved from the alleged default on condition that all transcripts on appeal be filed herein without further delay. The motions to dismiss the several appeals are denied.

Goodell, J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied October 4, 1945.