[No. 4201.]

# NORTH PACIFIC RAILROAD COMPANY *v.* T. REY-NOLDS ET AL.

FACTS FOUND MUST SUPPORT JUDGMENT.—Since the Code of Civil Procedure went into effect, if the facts are found, it must appear affirmatively that they support the judgment.

JUDGMENT IN GOLD COIN.—If, in a proceeding to condemn land for a railroad, the court finds generally the value of the land taken, and the damages to the remainder of the tract, and it does not appear that the values were estimated on a gold coin basis, a judgment in gold coin cannot be rendered.

SPECIAL DAMAGES IN ACTION TO CONDEMN LAND.—In a proceeding to condemn land for railroad purposes, damages resulting to the remainder of the tract not taken, on account of the shape in which it will be left, or of the effect of an embankment built along the railroad track, or from cutting off the front from a county road, so as to injure its sale for building sites, are not special damages, and may be proved without being set up in the answer.

GOLD COIN JUDGMENT.—The point not decided, whether in a proceeding to condemn land for a railroad, damages may be proved and allowed in gold coin.

APPEAL from the District Court, Seventh Judicial District, County of Marin.

The plaintiff was a corporation, organized in 1871, under the act of 1861, entitled "An act to provide for the incorporation of railroad companies," etc. It was formed for the purpose of constructing a railroad from Saucelito in Marin County to the Walhalla River, at or near the Pacific Ocean, in Sonoma County. This proceeding was commenced against Sidney V. Smith, and a large number of other persons, to condemn land for a track, and for depot purposes in Marin County. Said Smith owned a tract of one hundred and nine acres, and the plaintiff sought to have the fee-simple title of a block of this land, containing about two acres, condemned for depot and station purposes, and also the right of way over a belt across the same, forty feet wide. The defendant, in his answer, merely alleged that the land sought to be condemned was worth three thousand and five hundred dollars in gold coin of the United States, and that the residue of the land not sought

to be taken would be damaged five thousand dollars in like gold coin, and that the cost of fences and cattle-guards would be one thousand dollars, in like gold coin. The block sought to be taken for depot and station purposes fronted on the road, and separated the remainder of the tract lying behind it, from the road. On the trial, the defendant, against the objections of the plaintiff, was allowed to prove damages to the remainder of the tract resulting from the particular location of the depot, the shape in which it was proposed to cut the land by the track, the building of an embankment on the track, and from the condition in which the land would be left for homestead purposes, or for sales for building sites, by cutting off the front from the county road. The judgment, after reciting that the cause came on to be tried on the 20th of November, 1873, and that the parties appeared and waived a jury, proceeded as follows:

"And the cause having been submitted for decision as to all other matters hereinafter set forth, and the same having been taken under advisement by the court, and now being fully advised, the court does find, ascertain and assess as follows."

The facts found were then recited. The value of the block of land was found to be one thousand two hundred and forty-five dollars. The value of the strip of land forty feet wide was found to be eight hundred and thirty dollars, and the damage which would accrue to the remainder of the tract, by reason of its severance from the portion sought to be condemned, and by reason of the construction of the improvements contemplated by the plaintiff, was found to be twelve hundred dollars, and the benefit resulting from the construction of the railroad was found to be two dollars. It was then recited that three thousand two hundred and seventy-three dollars were awarded to Mr. Smith as full compensation and damages for the land taken. The judgment then proceeded as follows:

"It is therefore ordered, adjudged and decreed that the plaintiff, within thirty days from the date hereof, pay to the defendant S. V. Smith the said sum of three thousand two

hundred and seventy-three dollars in gold coin of the United States of America."

The plaintiff appealed from the judgment and from an order denying a new trial.

*E. B. Mahon,* for the Appellant.

The defendant was not entitled to a judgment payable in gold coin. The law under which this action was commenced (Secs. 1248-9 of the Code of Civil Proc.), only provides for compensation to be paid in money. Having found or ascertained the amount of damages, judgment is rendered in favor of claimant for that sum, which then becomes a debt—a debt payable in lawful money. And this is the only kind of a judgment that can be rendered for a debt or for damages of any kind, excepting only in the cases expressly provided for by law. This proceeding does not fall under the provisions of the Specific Contract Act.

The court erred in admitting evidence of special damages, as none were claimed in the answer. The general rule in relation to damages is, that where the damages, though the natural consequences of the act complained of, are not the necessary result of it, they are termed special damages, and must be specially alleged in the pleading of the party claiming them. (2 Gr. Ev., Sec. 254.) And, unless specially alleged, no evidence of them is admissible. (*Potter* v. *Froment,* 47 Cal. 165; *Dabovich* v. *Emeric,* 12 Cal. 179; Sedg. on Dam. 575; *Smith* v. *Lansing,* 8 Cow. 153.)

*Sidney V. Smith, Jr.,* for the Respondent.

The court below was called upon to ascertain and assess value and damage in an action which is not based on any contract or obligation, but which was brought to take land *in invitum.* The court had, therefore, perfect power to declare, in finding such value and damage, whether gold coin or currency value was intended. The answer sets up gold coin values.

The objection to testimony as to what counsel are pleased to call special damage is not tenable. Section 1248 of the Code of Civil Procedure expressly provides that the court

must ascertain and assess the damages which will accrue to land not taken by reason of its severance from the part taken, and by reason of the construction of the improvement in the manner proposed by the plaintiff. To prove, therefore, the particular location of the depot, the shape in which the land not taken would be cut by reason of the depot tract and the railroad track, and the effect which the depot and railroad and the embankment would have upon the land not taken, were precisely those very matters of which the law authorized and required evidence to be given.

The objection that the answer did not set up special damage is not well taken. There is no special damage, as distinguished from general damage, in condemnation cases. Whatever effect the construction of the railroad will have upon the land not taken is the damage called for by the law.

By the Court, CROCKETT, J.:

1. There was a substantial conflict in the evidence as to the value of the land taken and as to the damage and benefits to the remainder of the tract. In such cases we uniformly refuse to disturb the verdict or decision, on the ground that it was not justified by the evidence.

2. There were no formal, separate findings of fact; but in the judgment the court determined the value of the land proposed to be taken, and the benefits and damage to the remainder of the tract, stating the several sums in dollars and cents generally, without specifying that the said valuations were made on a gold coin basis. It then proceeds to render judgment for the aggregate of the several sums found to be due, and orders judgment to be made in gold coin. The proceeding was commenced after the codes took effect; and under the rule established by the Code of Civil Procedure, no findings of fact are implied in support of the judgment. On the contrary, when the facts are found it must appear affirmatively that they support the judgment. It is not necessary to decide whether it was competent for the court to ascertain the value in gold coin as contradistinguished from legal tender notes, and to render a judgment payable only in gold coin. Though the court finds

generally the value of the land taken and the damages to the remainder of the tract, it does not appear that these estimates were made on a gold coin basis. That fact not appearing, it was error to render a judgment for gold coin, even though it be conceded that such a judgment would otherwise have been authorized.

3. The point made by the appellant that the court erred in admitting proof of special damage, not alleged in the answer, is untenable. There was no proof of special damage in the proper sense of that term.

4. We discover no error in the rulings of the court in respect to the admission or exclusion of evidence.

Order and judgment affirmed, except as to that portion of the judgment which requires payment in gold coin; and in that particular the cause is remanded, with an order to the court below to modify the judgment in accordance with this opinion.

Mr. Justice RHODES did not express an opinion.