[L. A. No. 708. Department One.—July 18, 1900.]

## A. I. STEWART, Respondent, v. W. I. HOLLINGSWORTH, Appellant.

SALE AND EXCHANGE OF MACHINES—FALSE REPRESENTATIONS—RESCISSION—CANCELLATION—JUDGMENT FOR VALUE.—In an action to enforce the rescission of a contract for the exchange of street sweeping machines and a written obligation of plaintiff to pay an agreed difference, upon the ground of false and fraudulent representations made by the defendant, specifically alleged in the complaint, and found by the court to have been made, and to have induced the contract, where it appeared that the defendant had taken possession of the machine delivered by him, and refused to return the written obligation, or plaintiff's machine, the value of which was alleged in the complaint, the court may render judgment for the plaintiff canceling the obligation, and for the recovery of the value of his machine, instead of for its possession, as prayed for, evidence and a finding upon the subject of such value being within the case made by the complaint, and within the issue.

ID.—APPEAL FROM JUDGMENT—ABSENCE OF EVIDENCE—FINDINGS—OMISSION.—Upon an appeal from the judgment taken upon the judgment-roll alone, without any bill of exceptions, or showing of what evidence was given, the findings made are conclusive; and the omission to make findings upon issues presented by a cross-complaint is not ground for a reversal of the judgment.

ID.—CROSS-COMPLAINT—CONDITIONAL SALE—RETAKING ¡POSSESSION—CREDIT FOR PRICE—FINDINGS—LOSS OF CLAIM.—Under a cross-complaint averring that by the terms of the sale to the plaintiff the title to the machine was to remain in defendant until fully paid for, and that he took possession for default in payment, and resold it for plaintiff's account, and also that the machine was by the agreement to be held by plaintiff as security for payment of the price to the defendant, findings which show that the latter averment is untrue, and that the contract to pay the price was obtained by fraud and false representations, as alleged in the complaint, establish that defendant had no further claim for the price when he took possession of the machine. Such cross-complaint is covered by the complaint and the findings made by the court.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

CXXIX. CAL.—12

Dillon & Dunning, for Appellant.

Kendrick & Knott, for Respondent.

HARRISON, J.—It is alleged in the complaint herein that the defendant represented to the plaintiff that a certain street sweeping machine was in every respect first-class and well adapted for sweeping streets, and had been thoroughly tested as such and found satisfactory; that by reason of such representations the plaintiff was induced to enter into a contract with the defendant, whereby the defendant promised to sell the machine to him, and the plaintiff, as the consideration therefor, agreed to and did deliver to the defendant another street sweeping machine of the value of two hundred and twenty-five dollars, together with his written obligation to pay the defendant four hundred dollars, and that he had paid the sum of seventy-seven dollars and fifty cents thereon; that the said representations of the defendant were false and fraudulent, and were known by him to be such, and were made for the purpose of inducing the plaintiff to enter into said contract, and with the intention of defrauding and cheating the plaintiff; that as soon as the plaintiff ascertained that said representations were false he notified the defendant of his rescission of the contract, and offered to return to him all that he had received thereunder, and demanded the return of the machine delivered by him to the defendant, together with the aforesaid written obligation; that the defendant had taken possession of the machine received by the plaintiff, but had not returned the written obligation or the machine received by him from the plaintiff. Plaintiff thereupon asked judgment for the rescission of the contract, and that the written obligation be canceled and delivered to him, and that he be entitled to the possession of the machine delivered by him to defendant, and also for the sum of seventy-seven dollars and fifty cents. In his answer the defendant denied the greater part of the allegations of the complaint, and in addition thereto made a cross-complaint against the plaintiff to the effect that he had made a conditional sale of the machine to the plaintiff, by the terms of which the plaintiff was to pay four hundred dollars therefor in installments, and that until full payment thereof the title to the machine should remain in the defendant,.

and in the meantime the machine should be held by the plaintiff in trust as security for the payment of said installments, and that in case of default in such payment the plaintiff would on request return the machine to the defendant; that the plaintiff did not pay said installments of money, or either of them, and that the defendant had taken possession of the machine and sold it for the account of the plaintiff for the sum of one hundred dollars. He thereupon asked judgment against the plaintiff for the sum of three hundred dollars. The cause was tried by the court and findings made that all the allegations in the complaint were true, except that the value of the machine delivered by the plaintiff to the defendant was one hundred and seventy-five dollars instead of two hundred and twenty-five, and that there was no agreement between the parties by which the machine received by the plaintiff from the defendant should be held by the plaintiff in trust or as security to the defendant for the payment of any sum of money whatever. Judgment was thereupon rendered in favor of the plaintiff and against the defendant for the sum of one hundred and seventy-five dollars, and for the cancellation and delivery to the plaintiff of the written obligation given by him to the defendant, and that the defendant take nothing by his cross-complaint. The defendant has appealed from this judgment upon the judgment-roll alone, without any bill of exceptions.

Upon the facts alleged in the complaint the right of the plaintiff to a recovery is clear. The defendant does not deny that he received the machine from the plaintiff, nor does he deny that after he had received back from the plaintiff the machine delivered by him, he refused upon the plaintiff's demand to return the machine received from the plaintiff or the written obligation. In the absence of the evidence thereon, the finding of the court that the machine was of the value of one hundred and seventy-five dollars is conclusive, and the judgment against the defendant for this amount was properly rendered. The defendant had answered the complaint, and it was competent to receive evidence upon that subject, and it was within the case made by the complaint, and within the issue, to give judgment for the value of the machine rather than for its possession. (Code Civ. Proc., sec. 580.) The failure of the court to give

judgment for the seventy-seven dollars and fifty cents paid to the defendant by the plaintiff might have been objected to by the plaintiff, but the defendant has no reason to complain of this omission.

In the absence of any bill of exceptions or other showing that evidence was given upon the issues presented by the cross-complaint, the omission of the court to make findings upon such issues is not a ground for the reversal of the judgment. (*Himmelman v. Henry*, 84 Cal. 104; *Winslow v. Gohransen*, 88 Cal. 450; *Klokke v. Escailler*, 124 Cal. 297.)

It may be added that the facts alleged in the cross-complaint are not inconsistent with those alleged in the plaintiff's complaint, except as to the averment that the machine was to be held by the plaintiff in trust as security to the defendant for the payment of its price, and the court found that this allegation was not true. The defendant alleges that by the terms of his sale to the plaintiff the title to the machine was to remain in him until fully paid for. Consequently when he took possession of it he had no further claim upon the plaintiff for its price, if, as found by the court, the plaintiff's agreement to pay for it had been obtained by fraud and false representations.

The judgment is affirmed.

Van Dyke, J., and Garoutte, J., concurred.