[L. A. No. 10534. In .Bank.—September 30, 1930.]

GRACE P. WARDEN, Appellant, v. FREDERICK J. STOLL et al., Respondents.

J. Everett Brown for Appellant.

Marshall Stimson, Noel Edwards and Scarborough, Forgy & Reinhaus for Respondents.

CURTIS, J.—This is an action to quiet title by a complaint in the usual form, alleging that plaintiff is the owner of the land described in the complaint; that defendants assert an adverse claim thereto; that said adverse claim is without merit, and praying that plaintiff's title be quieted as against the defendants. The defendants answered, denied that plaintiff was the owner, and alleged that the defendants are the owners. Defendants, in the prayer of their answer, merely asked that plaintiff take nothing by her action and that defendants be awarded their costs. No request for any affirmative relief was made. Defendants filed a cross-complaint, which was answered by plaintiff, but during the trial the defendants voluntarily dismissed the same without objection from the plaintiff. After a trial before the court without a jury findings of fact and conclusions of law were duly made by the trial court, and a decree entered which not only provided that all claims of plaintiff adverse to defendants were invalid, but quieted defendants' title as against plaintiff's claims. From the judgment thus entered plaintiff appeals, setting forth various technical objections to the findings and decree, the important ones of which will be considered in their order.

It appears from the record that plaintiff's claim is based upon a treasurer's tax deed, dated May 26, 1926, issued to plaintiff's predecessor in interest, following the sale of the property under the lien of a street bond issued August 27, 1915, under the Street Improvement Bond Act of 1893 (Stats. 1893, p. 33), as amended. Respondents owned the property at the time of the tax sale. Respondents introduced in evidence the entire tax sale proceedings, from which it appears that the sale was void for the reason that the procedure specified in the statute was not strictly followed.

■ Appellant contends that the trial court failed to make any finding in reference to the validity of the tax deed presented by her, and contends that this amounts to a failure to find on a material issue. Such a finding, however, is not essential. The finding that plaintiff's claims are without merit is an inferential finding on this point. If a finding was essential on this point this court has the power, since 1927, to make supplementary findings in aid of the judgment of the trial court (Const., art. VI, sec. 4¾; sec. 956a, Code Civ. Proc.; *Kirk* v. *Culley*, 202 Cal. 501 [261 Pac. 994]; *Tupman* v. *Haberkern*, 208 Cal. 256 [280 Pac. 970]), but for the reasons stated it is not necessary to exert this power in this case.

■ Appellant also contends that the findings are conflicting, basing this contention upon the fact that the trial court made a general finding to the effect that all the allegations of plaintiff's complaint were untrue, excepting certain paragraphs and certain enumerated lines of the complaint. There was included in this blanket finding a statement in the complaint that "the claim of said defendants, or either of them, is without any right whatsoever, either in law or in equity, in or to the land or premises, or any part or parcel thereof." This was clearly included in the findings by inadvertence, and should have been called to the attention of the trial court by respondents. However, under the general power of this court, and certainly under the power conferred by section 956a of the Code of Civil Procedure, such an error can be corrected without the necessity for a formal reversal. Accordingly, that part of finding IV above quoted is stricken from the findings, and, as thus modified, finding IV is adopted as the finding of this court.

Appellant contends that the trial court erred in quieting the respondents' title as against appellant, when no request was made for such affirmative relief in the answer. As stated above, the answer of defendants failed to ask for any affirmative relief. Despite this fact the trial court quieted respondents' title as against appellant. The allegations in the answer and the wording of the decree are almost identical with those in *Hungarian Hill G. M. Co.* v. *Moses*, 58 Cal. 168, in which it was held that it was error to grant affirmative relief to a defendant on such a pleading, and struck from the decree that part of it awarding affirmative

relief. Strictly speaking, the appellant is correct in this contention, but in reality she is not injured by the portion of the decree awarding the respondents affirmative relief. ██ A simple judgment in a quiet title action in favor of the defendant, that is a judgment that plaintiff take nothing by his said action and that the defendant recover his costs, operates as an estoppel upon the plaintiff and determines title as between the parties and protects the defendant against any claim of the plaintiff as fully as would an affirmative decree in his favor. (*Larkin* v. *Superior Court*, 171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841] ; *Wilson* v. *Madison*, 55 Cal. 5, 8; *Miller* v. *Luco*, 80 Cal. 257, 261 [22 Pac. 195] ; *Booth* v. *Stow*, 38 Cal. App. 191 [175 Pac. 705].) ██ The insertion, therefore, in the decree in this action of a provision awarding the respondents affirmative relief against the appellant, while erroneous, does not prejudice the appellant in any of her substantial rights and may be regarded as surplusage.

The judgment and decree herein is therefore affirmed.

Langdon, J., Preston, J., Seawell, J., Richards, J., Shenk, J., and Waste, C. J., concurred.