[L. A. No. 12929. In Bank.—September 29, 1933.]

JAMES N. MASON, Respondent, v. HENRIETTA C. MASON, Appellant.

Mervyn R. Dowd, James S. McKnight and McKnight & Dowd for Appellant.

James N. Mason, *in pro. per.*, and W.' E. Dillon for Respondent.

WASTE, C. J.—This is an action for divorce. Among other things, the complaint alleges that certain real property standing in the names of both parties is the community property of the spouses, and that a homestead theretofore declared upon the same by the defendant, without the plaintiff's consent, should be vacated and set aside, the property sold, and the proceeds distributed to them. The defendant wife answered and cross-complained for a divorce. It is alleged in the cross-complaint that the real property was acquired from defendant's separate funds and represents her separate property; that plaintiff's name was inadvertently incorporated in the deed by reason of a mistake of the scrivener; that the deed should be reformed and plaintiff's name stricken therefrom, and title quieted in the defendant as her separate property. Upon submission of the cause to the court, sitting without a jury, defendant requested that her prayer for a divorce be disregarded in order to preclude the disallowance to her of one-half of plaintiff's pension as a Civil War veteran.

The court denied a divorce to either party, decreed the real property to be community in character, awarded an undivided one-half interest therein to each spouse, vacated and set aside the declaration of homestead thereon, awarded defendant one-half of plaintiff's pension, and directed plaintiff to pay defendant, in addition thereto, fifty dollars a month payable from the income derived from plaintiff's undivided one-half interest in the property. Defendant appealed.

Defendant first contends that the evidence fails to support the finding as to the community character of the property. Inasmuch as the evidence is conflicting, little need be said on the point. While the testimony of the defendant and her witnesses tends to indicate that the prop-

erty was acquired out of her separate funds, the plaintiff testified that the property was purchased with the proceeds derived from the sale of certain other real property theretofore acquired by the parties out of community funds. It was for the trial court to resolve this conflict in the evidence. With its conclusion we may not disagree.

█ It is next urged that the court below, having denied a divorce to either party, was without jurisdiction to vacate the homestead and award an undivided one-half interest in the property to each spouse. The failure to decree a divorce did not oust the court of jurisdiction to adjudicate the title to the property, where such title was put in issue by the pleadings. █ Furthermore, although judgment of divorce is denied, the court may, in an action for divorce, provide for the maintenance of the wife by the husband (Civ. Code, sec. 136), and in doing so may make the same disposition of the community property and of the homestead as would have been made if the marriage had been dissolved. (Civ. Code, sec. 137.)

The judgment is affirmed.

Curtis, J., Shenk, J., Langdon, J., and Seawell, J., concurred.