[Civ. No. 10428. First Appellate District, Division Two.—September 27, 1937.]

THE PEOPLE, Respondent, v. OCEAN SHORE RAIL-ROAD, INCORPORATED (a Corporation), et al., Defendants; GRIFFITH HENSHAW, Appellant.

THE PEOPLE, Respondent, v. GRIFFITH HENSHAW, Appellant.

Keyes & Erskine and Eric Lyders for Appellant.

Clarence W. Morris, Lincoln V. Johnson and George C. Hadley for Respondent.

OGDEN, J., *pro tem.*—This is an appeal from judgments of condemnation rendered by the court, sitting without a jury, in two actions consolidated for trial brought by respondent to acquire for highway purposes a strip of land running along the ocean coast in the county of San Mateo.

Appellant, as an individual and as trustee for others, was the owner of two of the parcels involved in the first of the actions brought and also owns the property adjacent thereto on both sides. In this action respondent took immediate possession of the property and started construction of the highway. Thereafter, a slide occurred on certain of the adjacent lands of appellant and thereupon respondent commenced the other of the consolidated actions in which this slide area was sought to be acquired. By stipulation, the actions were tried only as to the parcels of land owned by appellant.

Appellant urges as error the action of the trial court in making and rendering separate findings, conclusions and judgments in each of the consolidated actions. Although, by authority of *Stanton* v. *Superior Court,* 202 Cal. 478 [261 Pac. 1001], and *Staub* v. *Muller,* 7 Cal. (2d) 221 [60 Pac. (2d) 283], the trial court might well have determined the two actions with but a single set of findings and conclusions, and a single judgment, its failure to do so resulted in no prejudice to appellant. For the purposes of this appeal, the two sets of findings, conclusions and judgments may be con-

sidered in reality as but one. (*Stanton* v. *Superior Court, supra.*)

A meritorious objection to the trial court's findings is, however, based upon their failure to include any determination of the issue of damage to the adjacent property of appellant by reason of the construction of the proposed improvement. In each case, upon the issue of damage, the trial court found only as to the value of the parcels of land taken, and awarded compensation in those sums. No express finding was made as to the presence or absence of damage to the remaining and adjacent property of appellant.

All of the parcels of property of appellant condemned were but a part of a larger parcel owned by him. That damage would result to his remaining land as a result of the construction of the highway was alleged in his answers in both actions and was the subject of testimony by expert witnesses called by both parties. Appellant's witnesses testified that the grading of the highway would cause future slides upon the adjacent lands of appellant, such as had previously occurred in the area involved in the second action and respondent's engineers testified that the likelihood of their occurrence was extremely remote and speculative. The evidence offered by appellant as to such resulting damage was, if accepted by the trial court, sufficient to have sustained a finding thereon favorable to him and an award of compensation therefor.

Subdivision 2 of section 1248 of the Code of Civil Procedure expressly provides that in proceedings in eminent domain the court must, if the property sought to be condemned constitutes only a part of a larger parcel, ascertain and assess the damages which will accrue to the portion not sought to be condemned by reason of the construction of the improvement in the manner proposed by the plaintiff. Appellant, having raised the issue of resulting damages by his pleadings and supported it by competent evidence, was therefore clearly entitled to a specific finding upon this material issue and a failure to find thereon must be held to be reversible error. (*Davis* v. *Monte*, 81 Cal. App. 164 [253 Pac. 352]; *Williams* v. *Wren*, 88 Cal. App. 607 [263 Pac. 1038].)

Respondent does not dispute the right of appellant to a finding upon this issue, but contends that the trial court inferentially found thereon adversely to appellant. It asks

us to so infer from the provision contained in the trial court's conclusion of law, ''That the payment into court of said sums of money as hereinabove specified (referring to the sums of money found to represent the value of the land taken) is in full payment for the lands so taken as a right of way, together with all damages of every kind and nature suffered by defendants by reason of the taking of said lands and the construction of said highway.''

We cannot agree with respondent that the trial court's conclusion that an amount equal to the value of the land taken should constitute the total award and fully compensate for damages of every kind suffered, can be said to amount to a finding of fact that no damage except the value of the land taken was suffered by appellant. █ Although it is true that a finding may be treated as one of fact, although mistakenly placed among the conclusions of law (*Linberg* v. *Stanto,* 211 Cal. 771 [297 Pac. 9, 75 A. L. R. 555]) and in some cases inferences which must necessarily follow from findings expressly made may be resorted to (*Warden* v. *Stoll,* 210 Cal. 374 [291 Pac. 835]), these rules have no application here. To so hold would be to permit the finding by implication of all facts necessary to support the legal conclusions of the trial court. █ The former doctrine of implied findings has held no place in our legal system since the adoption of our codes. (*North Pacific R. Co.* v. *Reynolds,* 50 Cal. 90; *Dowd* v. *Clarke,* 51 Cal. 262.) Section 632 of the Code of Civil Procedure expressly requires that the facts found be stated. As stated in *Frascona* v. *Los Angeles Ry. Corp.,* 48 Cal. App. 135 [191 Pac. 968], ''The right to findings is a substantial right, as inviolate, under the statute, as that of trial by jury under the constitution.''

The judgments rendered in each of the consolidated actions are therefore reversed and a new trial ordered.

Spence, Acting P. J., and Sturtevant, J., concurred.