[Civ. No. 6570.  Third Dist.  Oct. 15, 1941.]

WALTER GOULD LINCOLN, Appellant, v. ROGER AVERILL, Respondent.

Walter Gould Lincoln, *in pro. per.*, for Appellant.

Barcroft & Barcroft, David E. Peckinpah, L. N. Barber and Neice & Crane for Respondent.

TUTTLE, J.—This action was brought to recover the sum of $9000 alleged to be due upon a promissory note executed by defendant. The latter filed a cross-complaint to annul said note, upon the ground that it was without consideration. Findings were made in favor of defendant, and judgment was entered that said note and a chattel mortgage given to secure the same were invalid, and it was ordered that said instruments be canceled. The appeal is from said judgment, and it is before us upon the judgment roll alone.

At the outset it must be borne in mind that:

"All reasonable inferences are to be indulged to support the findings and verdict. It cannot be presumed upon appeal that a trial court in making its findings ignored the rules for determining the sufficiency of the evidence. Nor will it be

presumed that the trial court allowed itself to be influenced by evidence which was stricken out. And where the findings are amply sustained by competent evidence, it will be presumed that the trial court disregarded incompetent evidence admitted over objection. When it is necessary to establish certain facts, such as fraud and undue influence, that the evidence be clear and convincing, it will be presumed, in support of a finding of such fact, that the trial court was governed by these considerations in weighing the evidence. So, too, in support of a verdict it must be presumed that the jury decided the case upon the theory adopted by the parties, and that they followed the instructions and found the facts to be such as to justify their verdict in the light of the law laid down in the instructions. . . .

"When the record is silent upon the subject, it will be presumed that the proceedings in respect to the preparation and filing of findings were regular. In the absence of a contrary showing, it will be presumed that the appellant waived service upon him of proposed findings. And where the findings and judgment are filed upon the same day, it will be presumed the findings were first filed. . . .

"Since all presumptions are in favor of the findings of the trial court, an appellate court in reviewing the findings will give them a liberal construction in support of the judgment. Any uncertainties in the findings are to receive such construction as will uphold rather than defeat the judgment, as will give them effect rather than destroy them. All the findings are to be read together, and must be reconciled to prevent any conflict upon material points, if such reconciliation is possible. . . . And whenever the facts found are such as might authorize different inferences therefrom, it will be presumed that the inference made by the trial court was one that will uphold rather than defeat the judgment. In such case the appellate court will not draw from those facts any inference of fact contrary to that which might have been drawn by the trial court for the purpose of rendering its judgment." (2 Cal. Jur. 870, 871, 872, 873, secs. 510, 511.)

Also, the scope of our inquiry on an appeal from the judgment roll alone is definitely limited, and "the only question presented for review is whether or not the findings support the judgment; or, more accurately, the only questions to be considered are: (1) Did the complaint state facts suffi-

cient to constitute a cause of action? (2) Are the findings within the issues? (3) Is the judgment supported by the findings? and (4) Does reversible error appear on the face of the record? No question arises as to the sufficiency of the evidence to support the findings, or a nonsuit, or rulings made during the taking of evidence. The appellate court cannot in such case consider the pendency of another action based on the same cause of action. The findings made are conclusive, unless contradicted by other findings, or unless obviously outside of the issues; and the appellate court cannot consider the omission to make findings.'' (2 Cal. Jur. 691, sec. 396.)

The complaint alleges that the chattel mortgage has become valueless, and the only relief sought is a money judgment. The cross-complaint alleges, and the trial court found, that the note and mortgage were executed under the following circumstances:

''That from 1933 until on or about February 27, 1939, cross-defendant was employed and retained by cross-complainant as cross-complainant's attorney, counsellor and legal adviser, and that cross-defendant occupied this relation to cross-complainant prior to and at the time of the execution of the promissory note and chattel mortgage hereinafter mentioned, and subsequent thereto until on or about February 27, 1939, and was cross-complainant's sole and only attorney, counsellor and legal adviser in connection with the execution and delivery of said note and chattel mortgage.

''That on or about November 10, 1937, plaintiff was the owner and in possession of approximately 1200 tons of alfalfa hay located in the County of Madera, State of California, and on or about said date cross-defendant as the attorney for cross-complainant advised and stated to cross-complainant that cross-complainant would be better protected in his ownership and possession of said hay if cross-complainant would execute and deliver to cross-defendant his promissory note in the sum of $9,000.00, payable one year from date, and would also execute and deliver to cross-defendant a chattel mortgage upon said hay purporting to secure said note.

''That at said time cross-defendant stated to cross-complainant that if and when cross-complainant desired the return of said promissory note and/or chattel mortgage, cross-defendant would deliver to cross-complainant possession of

the same and if and when cross-complainant desired the release of said hay from said chattel mortgage, cross-defendant would release the same. . . . That thereafter cross-complainant sold said hay to third parties and cross-defendant released the same from the lien of said chattel mortgage, as he had agreed to do.

"That cross-defendant has never given to cross-complainant any consideration for the execution and delivery by cross-complainant to him of said promissory note and chattel mortgage and cross-complainant has never received any consideration therefor and each of said instruments always has been and is unsupported by any consideration."

■ It is first contended by appellant that the cross-complaint fails to state a cause of action. Appellant takes the position that the averment that cross-complainant never received any consideration for the instruments, and that each of said instruments is unsupported by any consideration, is a mere conclusion of law. If these were the only allegations, there might be some plausibility to the contention. We find, however, that *facts* are set forth from which it appears, or could reasonably be inferred, that there was no consideration. The finding under attack, therefore, adds little or nothing to the cause of action which the *facts* alleged plainly set forth. The point is without merit. ■ Other objections are made to the cross-complaint, which are in the nature of a special demurrer. No demurrer of any character was filed against said pleading. Furthermore, such objections cannot be raised under the rule stated in 2 Cal. Jur. 691.

■ It is next contended that the judgment is not supported by the findings. It is said that the finding to the effect that defendant received no consideration, must be disregarded. This is the same argument which we considered in connection with the sufficiency of the cross-complaint. The facts which show entire want of consideration are detailed in the findings. If the finding under attack was entirely omitted, the findings would be sufficient. Another contention under this heading is that the findings are inconsistent. Four instances of such alleged inconsistency are pointed out. We have examined them and find no conflict in the findings which cannot be reconciled in support of the judgment.

It is finally urged that there are no findings upon various material allegations of the pleadings. The omission of the court to make findings upon such issues is not a ground for reversal where the appeal is based upon the judgment roll alone. (*Stewart* v. *Hollingsworth,* 129 Cal. 177, 180 [61 Pac. 936].)

We find no reversible error in the record.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 11, 1941.