[Civ. No. 13873. Second Dist., Div. Two. Dec. 15, 1942.]

FRANCES G. D'ALESSIO, Appellant, v. JOSEPH A. D'ALESSIO, Respondent.

Lindelof & Perelli-Minetti for Appellant.

B. Warren Vinetz for Respondent.

McCOMB, J.—Plaintiff appeals from

(1) An order modifying a judgment for separate mainten-ance in lieu of granting her motion for a new trial, and

(2) An order denying her motion for a new trial.

The appeal is upon the judgment roll alone.

These are the essential facts:

Plaintiff filed an action for separate maintenance against defendant, her husband. He in addition to answering the complaint for separate maintenance filed a cross-complaint for divorce from plaintiff. December 12, 1941, after trial before the court without a jury, findings of fact and conclu-sions of law were signed by the trial judge by which he found in favor of plaintiff on her complaint for separate main-tenance and against defendant on his cross-complaint for divorce. On the same date a judgment was signed decreeing that plaintiff receive separate maintenance and denying defen-dant a divorce on his cross-complaint. Thereafter defendant made a motion for a new trial which was denied March 16, 1942, and as a part of the order denying the motion, the trial court

(1) Vacated the findings of fact which it had previously made on December 12, 1941;

(2) Modified the judgment of December 12, 1941, by deny-ing plaintiff a judgment of separate maintenance; and

(3) Divided equally between plaintiff and defendant com-munity property found to be of the value of $3,600.

March 19, 1942, through a *nunc pro tunc* order the trial judge modified its order of March 16, 1942, by denying defen-dant a judgment for divorce. The record fails to disclose any findings of fact other than the single finding in the order of March 16, 1942, to the effect that the value of the community property was $3,600.

I.

It is necessary for us to determine two questions which will be stated and answered hereunder seriatim.

■ *First: In view of the fact that the record fails to show that:*

*(a) The trial court made findings of fact on the material allegations of the complaint and cross-complaint, or*

*(b) Such findings of fact were waived in accordance with the provisions of section 632, subd. 1 of the Code of Civil Procedure, can the judgment of the trial court denying plaintiff separate maintenance and defendant a divorce but dividing the community property between them be sustained?*

This question must be answered in the affirmative, for the reason that the law is established in California that, where, as in the instant case, an appeal is based upon the judgment roll alone, the omission of the trial court to make and file findings of fact upon issues raised by the pleadings is not a ground for reversal of the judgment on appeal (*Lincoln* v. *Averill,* 47 Cal.App.2d 335, 341 [117 P.2d 913]; *Streicher* v. *Battles,* 29 Cal.App.2d 526, 527 [84 P.2d 1049]).

■ *Second: May the trial court in denying a judgment of divorce in an action therefor make disposition of the community property of the parties?*

This question must be answered in the affirmative. The law is established in California that, although a judgment of divorce is denied, the court may in an action for divorce make the same disposition of the community property as if a decree dissolving the marriage had been granted (*Mason* v. *Mason,* 219 Cal. 111, 113 [25 P.2d 461]).

## II.

An appeal does not lie from an order denying a motion for a new trial in a civil case (See 2 McKinney New Cal. Digest (1930) 129, Appeal and Error, § 74, and Supp. thereto).

For the foregoing reasons

(1) The order modifying the judgment of December 12, 1941, is affirmed, and

(2) The appeal from the order denying the motion for a new trial is dismissed.

Moore, P. J., and Wood (W. J.), J., concurred.