[Civ. No. 19577.   Second Dist., Div. Two.   Nov. 13, 1953.]

FLOYD GARWICK, Plaintiff and Respondent, v. PHILIP MacKAY GORDON et al., Defendants and Appellants; COCK 'N BULL (a Corporation), Defendant and Respondent.

Armond M. Jewell for Appellants.

Laurence J. Rittenband for Plaintiff and Respondent.

Stanley M. Arndt for Defendant and Respondent.

MOORE, P. J.—In December, 1948, Messrs. Garwick and Gordon were granted a bottler's license by Cock 'n Bull Products, Incorporated, whereby they became the exclusive licensees for the bottling and distribution of the beverages of the licensor in Southern California. For such franchise or license they paid $500 cash and agreed to pay a balance of $14,500 in installments. On January 5, 1949, they executed articles of copartnership to continue in force for a period of 10 years. Also, their writing provided for the formation of a corporation with the name of "Ginger Beer Bottlers, Ltd.," hereinafter referred to as the "corporation," to market the products of the licensor. Following the incorporation, a contract was executed by the two men, their partnership and the corporation whereby the latter paid $2,000 to apply on the cost of the license and agreed to operate the business of bottling and distributing the licensor's products in the manner as promised by Garwick and Gordon. Cock 'n Bull Products consented to such agreement under the express stipulation that its consent was not to be deemed a consent to an assignment of the license to the corporation. Pursuant to the covenants of such contract, the corporation executed its promissory note to the licensor in the sum of $12,500. It was guaranteed by the two partners and was given to secure the balance of the purchase price of the franchise. The note was thereafter wholly paid by its maker.

While the corporation was operating the distribution franchise, Gordon was gradually excluding Garwick from the management of the partnership's enterprise and from the affairs of the corporation which in September, 1950, Garwick notified that its rights under the sublicensing agreement were cancelled. This was done pursuant to the articles of copartnership.

The flow of affairs above recited resulted in the filing of this action by Garwick for a declaration of the rights of the partners and the corporation under the articles of copartnership. Also, he demanded a dissolution of the partnership, and an accounting.

Cock 'n Bull as a party defendant cross-complained against the partners and the corporation and asked for a declaration

of its rights to revoke the franchise and for damages. Among its declared grievances it alleged the use by the partners and the corporation of ginger beer bottles with papers labels instead of ceramicized bottles; failure to pay royalties promptly; failure to furnish an indemnity policy; distribution of ginger beer of brands other than those of licensor; failure vigorously to carry forward the sales of the latter's products in 1949 and 1950.

By their answer to the cross-complaint, both Gordon and the corporation alleged a counterclaim based upon the licensor's violation of the exclusive franchise by selling its products to other distributors. Also, they alleged (1) an inferior quality of concentrate was furnished to them and (2) the formula for ginger ale concentrate was so changed that they suffered a loss of good will and damages.

Upon the issues thus created, the action was tried, resulting in a holding for Garwick. While the court found numerous, surreptitious breaches of the franchise agreement by Gordon due to his "gross negligence and incompetency" and that he had not brought himself within the provisions of Civil Code section 3275* and "is not entitled to relief thereunder" and found Garwick "had not acted in a gross or incompetent manner and had brought himself within the benefit privileges and relief provided by section 3275 . . . and is entitled to relief thereunder," it made no separate findings of fact with respect to an accounting between the partners. It merely declared in its written opinion that the court's award operated as a finding that there was an accounting between the parties. Also, the conclusions of law declared there had been an accounting.

The court found that the franchise had never been assigned or transferred to the corporation, and that its rights as a distributor for the partnership ceased November 1, 1950. The court decreed the partnership dissolved; found no damages for or against Cock 'n Bull Products and awarded the franchise to Garwick "as the surviving partner," subject to his compliance with certain specified conditions. Garwick having complied therewith, the court with the licensor's approval

---

*Civil Code, section 3275, provides:

"Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

made and entered its final judgment, October 19, 1951, from which comes this appeal by Gordon and the corporation.

Prior to the filing of its decision, the court's opinion was placed in the files. It was that document in which the court specified the conditions for Garwick to submit a plan to be approved by Cock 'n Bull Products, to buy out the corporation and to operate the franchise. Although such conditions were complied with, neither judgment or decision with respect thereto was entered.

Pursuant to their appeal, appellants filed a proposed settled statement. Respondent filed objections and oral arguments were heard, but the trial court refused to settle the statement. Appellants then moved to amend their proposed settled statement and asked for it to be settled as amended. Objections were again filed, and after argument, appellants' motion was denied. They took an appeal from this order on the judgment roll alone, contending that the trial court abused its discretion in denying their motion. In view of the conclusions impliedly reached below, it is assumed, though not decided, that the denial of the motion to amend the proposed settled statement and to settle it as amended was not an abuse of discretion.

■ Where an appeal is taken without a reporter's transcript, the reviewing court is limited to a determination of the questions as to whether (1) the complaint states a cause of action; (2) the findings are within the issues; (3) the judgment is supported by the findings; or (4) reversible error appears on the face of the record. (*Hunt* v. *Plavsa,* 103 Cal. App.2d 222, 224 [229 P.2d 482].) ■ Also, it is conclusively presumed that the findings are supported by the evidence. (*Helvey* v. *Security-First Nat. Bank,* 99 Cal.App.2d 149, 151 [221 P.2d 257].) ■ In such a situation, the omission to make a finding on an issue raised by the pleadings is not a ground for reversal. (*Stewart* v. *Hollingsworth,* 129 Cal. 177, 180 [61 P. 936]; *D'Alessio* v. *D'Alessio,* 56 Cal. App.2d 118, 120 [132 P.2d 271].)

Appellants' contention that the judgment in regard to the partnership accounting is not supported by the findings must be sustained. By the judgment, the franchise is awarded to Garwick as his share of the partnership assets; nothing is awarded to Gordon and his interest in the franchise is "terminated and forfeited." In the conclusions of law the court declares: "an account has been rendered of the partnership assets and that the franchise . . . is now the property of the

plaintiff Garwick . . . and that . . . [Gordon's] right, title and interest in and to the same has been terminated and forfeited. . . ."* In the findings of fact there is no reference either to an accounting, to damages suffered by either partner due to the acts of the other or to any forfeiture. The reference to the accounting in the "memorandum of decision re interlocutory judgment" is no more extensive than that in the conclusions of law. For what reason was Gordon's interest in the franchise awarded to Garwick?

If he so desires, Garwick, as the partner who has not caused the dissolution wrongfully, may possess the partnership property and continue the business in the same name. But Gordon, the partner causing the dissolution wrongfully, must receive the value of his interest at the dissolution less any damages recoverable against him and he must be protected against all other present or future partnership liabilities. (Corp. Code, § 15038(2)(a)(b)(c).) For a discussion of the application of this statute to a similar dissolution see *Vangel* v. *Vangel,* 116 Cal.App.2d 615 [254 P.2d 919].

 In an action for an accounting, a statement of the balance due in the findings, without a reference, and without an account or without exceptions being taken to specific items, is not a proper disposition of such an action. (*Sears* v. *Rule,* 27 Cal.2d 131, 149 [163 P.2d 443] ; *Whann* v. *Doell,* 192 Cal. 680, 684 [221 P. 899].)  It follows that where, in a suit for an accounting, there are *no* findings of balance due or of damages or of the value of the assets, a conclusion of law and a judgment awarding the assets to one party to the entire exclusion of the other is also error.

 An award of property as a complete settlement of an action cannot be considered as an implied finding that the total amount of the damages suffered is exactly equal to the value of the property awarded. So to hold would be to permit the finding by implication of all facts necessary to support the legal conclusions of the trial court. (*People* v. *Ocean Shore Railroad, Inc.,* 22 Cal.App.2d 657, 660 [72 P.2d 167].)

Those parts of the judgment adjudicating (1) the dissolution of the partnership, (2) denying damages to Cock 'n Bull

*Paragraph 12 of the license agreement provided:

"In the event that the licensee does not comply with any one or more of the terms of this agreement, the company may give notice in writing to the licensee of its default or breach and upon the licensee's failure to correct the same within thirty (30) days after receipt of such notice the company may forthwith declare this agreement ended and may revoke this license and contract."

Products, and (3) enjoining Gordon from interfering with Garwick's conduct of the business in connection with the exercise of the franchise, are affirmed. But with respect to the accounting and the interests in the franchise, the judgment is reversed with instructions to cause an accounting of the partnership to be made; to determine the amount of damages suffered by either partner prior to the dissolution or by any of the contractees of the partnership; to allow Garwick the opportunity to purchase the assets and to continue the business upon his compliance with the requirements of the Corporations Code, section 15038 (2) (b) ; and to file such findings with appropriate conclusions and judgment.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied December 4, 1953.

