Filed 3/14/16  Mellein v. Gerges CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| JAMES MELLEIN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MOTAZ M. GERGES,<br><br>    Defendant and Appellant. | B255462<br><br>(Los Angeles County<br>Super. Ct. No. PC053489) |


APPEAL from a judgment of the Superior Court of Los Angeles County, Melvin D. Sandvig, Judge.  Affirmed.

Motaz M. Gerges, in pro. per., for Defendant and Appellant.

Paul Kujawsky for Plaintiff and Respondent.

_____

Defendant/Appellant Motaz M. Gerges ("Attorney") entered into an agreement with Plaintiff/Respondent James Mellein ("Client") to prepare briefs in two of Client's appellate matters. When Attorney allegedly failed to file adequate appellate briefs in either case, Client sued Attorney for breach of contract and money had and received, and he obtained a judgment in his favor. Attorney subsequently filed a motion for a new trial, which was denied.

Attorney appeals from the judgment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Client retained Attorney to represent him in two appeals referred to by the parties as the "Castroll" appeal and the "Virtual" appeal. The attorney-client agreement provided that Client would pay Attorney a flat fee of $10,000 for the Castroll appeal and a flat fee of $20,000 for the Virtual appeal, with the first half of each fee (the retainer) due immediately, and the second half due upon completion of the appellate briefs.

Client filed a complaint against Attorney on August 8, 2012, for breach of contract and money had and received. The complaint alleged that Attorney prepared an "incomplete, incompetent" appellant's opening brief in the Virtual appeal, which the Court of Appeal rejected, and refused to prepare a brief in the Castroll appeal. As a result, Client had to retain new counsel to file briefs in both cases. Client demanded that Attorney return the retainers, but Attorney refused to do so.

The case proceeded to a bench trial, which was unreported. The court entered a judgment in favor of Client for $29,937.41.

Attorney filed a motion for new trial, which the trial court denied. Attorney timely appealed the judgment, designating an appellant's appendix in lieu of a clerk's transcript and a settled statement in lieu of a reporter's transcript.[1]

---

[1] The notice of appeal filed March 25, 2014, purports to appeal from the order denying the motion for new trial, as well as from the judgment. An order denying a motion for new trial is not separately appealable, but is reviewable on appeal from the underlying judgment. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19.)

On October 3, 2014, the trial court certified Attorney's proposed settled statement, together with Client's amendments to the settled statement, as the settled statement on appeal. In doing so, the trial court struck a portion of Attorney's proposed settled statement.[2]

## DISCUSSION

## I.

## The Trial Court Did Not Err in Striking a Portion of
## Attorney's Proposed Settled Statement

Attorney contends the trial court erred in striking portions of his proposed settled statement. For the reasons that follow, we disagree.

The California Rules of Court (rules) permit an appellant to use a settled statement in lieu of a reporter's transcript if the designated oral proceedings "were not reported or cannot be transcribed." (Rule 8.137(a)(2)(B).)

An appellant intending to proceed by settled statement must file with the superior court a motion to use a settled statement, as well as a "condensed narrative of the oral proceedings that the appellant believes necessary for the appeal." (Rule 8.137(b)(1).) The respondent may then serve and file proposed amendments to the settled statement. (Rule 8.137(b)(4).) At a noticed hearing, the judge "must settle the statement and fix the times within which the appellant must prepare, serve, and file it." (Rule 8.137(c)(2).)

If the appellant fails to persuade the trial judge that his statement accurately reflects the proceedings in question, "the action of the trial judge, who heard and tried the case, must be regarded as final. [The trial judge's] familiarity with the trial and knowledge of what took place there make him uniquely qualified to determine what the evidence was and whether it has been correctly stated." (*Burns v. Brown* (1946)

---

[2] Another lawyer, Leonard Chaitlin, was a codefendant and also filed an appeal from the judgment. Chaitlin dismissed his appeal on December 10, 2014, apparently in connection with a Chapter 7 bankruptcy proceeding. Accordingly, this appeal concerns the judgment as to Attorney only.

27 Cal.2d 631, 636; accord, *Marks v. Superior Court* (2002) 27 Cal.4th 176, 196 [quoting *Burns v. Brown*].)  Accordingly, we review the trial court's order striking portions of the proposed settled statement for an abuse of discretion.  (*Garwick v. Gordon* (1953) 121 Cal.App.2d 247, 250; see also *Pollard v. Saxe & Yolles Dev. Co.* (1974) 12 Cal.3d 374, 376, fn. 1 ["the trial judge has full power over the record, and as long as he does not act arbitrarily, his action is final."].)

In the present case, the trial court did not abuse its discretion by striking the first six paragraphs of Attorney's proposed settled statement.  By Attorney's own admission, the stricken portions of the proposed settled statement were a statement of "the positions of the parties at trial"—*not* "a condensed narrative of the oral proceedings," as the Rules require.  (Rules 8.137(a) & 8.137(b)(1).)  Accordingly, the trial court properly struck these paragraphs.

## II.

## Attorney Did Not Provide the Court With an Adequate Record
## to Evaluate His Remaining Claims of Error

Attorney contends the trial court erred by permitting attorney Paul Kujawsky to testify as an expert witness for Client and by denying Attorney's motion for a new trial.  Attorney also contends that substantial evidence did not support the judgment.  For the reasons that follow, these contentions fail.

Attorney contends that the trial court erred in accepting Kujawsky as an expert witness because, among other things, Kujawsky has not been certified as an appellate expert by the California State Bar, and he admitted that he did not read the appellate record.  These arguments are meritless.  The trial court's ruling admitting expert testimony is reviewed for an abuse of discretion (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773) and a ruling constitutes an abuse of discretion only if it is " 'so irrational or arbitrary that no reasonable person could agree with it.' " (*Ibid.*)  In view of Kujawsky's three decades of experience as an appellate practitioner, the trial court was well within its discretion in admitting his expert testimony, irrespective of the fact that Kujawsky is not a certified appellate specialist.

4

Further, the extent of Kujawsky's familiarity with the appellate record merely goes to the weight of his opinion, rather than to his qualifications as an appellate expert.

Moreover, even assuming that Kujawsky should not have been permitted to give expert testimony, we could reverse only if we could conclude that the erroneous admission of evidence was prejudicial—i.e., "[that] it is reasonably probable a result more favorable to the complaining party would have been reached absent the error. (Cal. Const., art. VI, § 13 [no judgment shall be set aside on the ground of evidentiary error unless error resulted in miscarriage of justice]; Code Civ. Proc., § 475 [reviewing court must disregard nonprejudicial error and presume trial court error was nonprejudicial]; see *Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 527.)" (*Nazari v. Ayrapetyan* (2009) 171 Cal.App.4th 690, 697.) The settled statement contains a summary of the testimony of only two witnesses— Kujawsky and Client. It does not identify any other witnesses who may have testified, the substance of their testimony, or any documentary evidence on which the parties relied. In the absence of a complete record, because we simply do not know what other evidence was before the court, we cannot determine whether a different result would have been likely had Kujawsky not been permitted to testify.

Attorney's failure to provide us with a complete record is also fatal to his claims that substantial evidence did not support the judgment. To reverse for lack of substantial evidence, we "must review the whole record to determine whether it supports the judgment." (*Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 840.) We "may not confine [our] consideration to isolated bits of evidence." (*Ibid.*) In the absence of the "whole record," therefore, we cannot reverse for lack of substantial evidence.

Attorney contends finally that the trial court erred in denying his motion for new trial because "there existed insufficient evidence to support the judgment rendered" and "the Court erred in crediting the testimony of defendant's expert witness." These contentions fail for all the reasons discussed above.

5

**DISPOSITION**

The judgment is affirmed.  Respondent is awarded his appellate costs.


*NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*



EDMON, P. J


We concur:




ALDRICH, J.




LAVIN, J.

6